GOLDBERG et v FRIEDMAN et

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10153. Decided November 18, 1929

Mr. A. P. Gustafson, Esq., Cleveland, for Goldberg et.

Messrs. Nicola & Horn, Cleveland, for Friedman et.

**VICKERY, PJ.**

This cause came into this court on a petition in error to the Common Pleas Court of Cuyahoga County, the purpose being to reverse a judgment of the Common Pleas Court against the plaintiffs in error, who were plaintiffs below, in favor of the defendants in error who were defendants below.

The case is in this court upon a petition in error and a transcript which brings into the record the journal entry of the court below, there being no bill of exceptions, for which reason a motion was made to dismiss the petition in error, which motion must of necessity be overruled, for it is not necessary in order to maintain the right to prosecute error, to have a bill of exceptions. It may be, of course, that the only error complained of in the petition in error could only be shown by a bill of exceptions, but a motion to dismiss for the reason that there is no bill of exceptions is not tenable, and so the motion in this case must be overruled.

The other motion of the defendants in error can be dismissed just as readily and that relates to the bankruptcy, so-called, of the corporation. It is not necessary for us to consider that question; only we do not think the motion is well taken and it will be overruled.

It is claimed in this case that the errors complained of are shown in the journal entry which is a part of the transcript and is before the court and we think, after reviewing this record, that the error complained of by the plaintiffs, if it be error, is shown in the journal entry and it could not be more clearly shown if there were a bill of exceptions, for the journal entry shows that the corporation sought to be dissolved by the plaintiffs was composed of five stockholders, the capital stock being $5000 and the plaintiffs in error who were plaintiffs below constitute two of the five stockholders and own $1500 worth of the capital stock, the balance of $3500 being owned by the three remaining stockholders, two of whom were probably only qualifying stockholders, but a majority of the capital stock was owned by the defendants below, defendants in error here.

After hearing the evidence in this case and finding out the facts, the trial court dismissed the petition because the parties who brought it could not under the statute as it existed at the time of the grievances complained of, did not permit stockholders to bring this kind of a suit unless they were a majority of the stockholders or perhaps owned a majority of the stock in the corporation and the journal entry shows that these two plaintiffs below owned but $1500 of the capital stock of $5000, so the question which the court below had before it and which we think is vital in the case before us, is whether a minority of stockholders can bring a suit such as the one in the instant case.

The action is based upon **8623-86 GC.**

Section **8623-87 GC.**, reads, in part, as follows:

The first section above referred to sets out **when** the action of the court may be sought for dissolution of a corporation, and the second section above referred to refers to the parties **who** may bring such an action. If the corporation has lost its charter by cancellation, then the attorney general of the State, the Prosecuting Attorney of the County or a creditor of the corporation, or any other interested person might bring the suit, but where it is sought to be wound up because the objects of the corporation have failed or because there is danger of loss to the stockholders or others or for any reason other than that the charter has been cancelled, the legislature seems to have provided that a majority only of the stockholders can maintain such a suit.

Much stress is laid upon the word "may" in the statute; that is, a majority of the holders of the stock may bring such an action, and it is argued that the word "may" there would seem to permit any other person to do it. We do not so construe the statute. Of course, nobody could **oblige** the majority of the stockholders to bring the suit and, therefore, it was necessary that the legislature should use the word "may", and in this sense it gives permission to a majority of the stockholders to bring the suit, and if they wish to bring this suit under the statute the word "may" must be construed to be **"shall"** so far as a majority of the stockholders are concerned; that is, if the stockholders wish to wind up the affairs of the corporation, they may bring an action under this section of the statute, but the statute then goes on to point out how much of the stock shall be used and how many of the stockholders shall join to wind up the corporation, and we think that the distinct purpose of the legislature is clearly to be read out of this statute, and that was that a corporation should not be harassed and have suits brought against it by a minority of the stockholders who were dissatisfied, for it must be remembered that a suit under this section strikes at the very foundation of the corporation and seeks to wind it up; and apparently the legislature did not want a bare minority, because if less than a majority could bring the suit, a single stockholder who was dissatisfied could hazard the standing and perpetuity of the corporation by bringing a harassing suit in order to wind it up. Of course, even though a suit is brought by a majority of the stockholders, the court may decline and refuse to permit it to be wound up nevertheless, and we understand in this case that the court did hear all the evidence and refused both upon the ground that there was no basis for the winding up of the corporation as

well as on the ground that the plaintiffs had not the capacity to sue and maintain the action, because they did not constitute a majority of the stockholders, nor did they own a majority of the stock of the corporation and this all appears in the journal entry and the transcript before this court.

We are of the opinion and so hold that the Common Pleas Court was right in its judgment; that the two stockholders of the corporation, plaintiffs below and the plaintiffs in error here, did not bring this within the statute and were not entitled to a judgment winding up the corporation nor to have a receiver appointed.

There being no error so far as we can see in this record of the action of the Common Pleas, the same is necessarily affirmed.

Sullivan and Levine, JJ., concur.