**SHRAGE v. PORTSMOUTH STEEL CORP. et al.**

**No. 11744.**

United States Court of Appeals
Sixth Circuit.

Oct. 23, 1953.

John H. Clippinger, Cincinnati, Ohio, John B. Hollister, Cincinnati, Ohio, Henry S. Gottfried, Sheldon B. Guren, Cleveland, Ohio, Frank J. Richter, Cincinnati, Ohio, Halperin, Natanson, Shivitz & Scholer, New York City, on brief, for appellant.

Robert S. Marx, Cincinnati, Ohio, Leonard D. Slutz, Nichols, Wood, Marx & Ginter, Cincinnati, Ohio, on brief, for appellee.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

The appellant, a citizen of New York State and owner of 200 shares of stock in the Portsmouth Steel Corporation, an Ohio corporation, filed a complaint demanding judgment:

1. Winding up the affairs and business of Portsmouth, liquidating its assets and distributing the net proceeds prorata among its shareholders;

2. Allowing him reimbursement for any and all necessary expenses in this action and for costs herein;

3. Allowing his attorneys fair and reasonable fees for services rendered by them in this action;

4. For such other, further and different relief as this Court may deem just and proper.

The District Court sustained a motion to dismiss the action mainly upon the ground that the plaintiff lacked capacity to maintain the suit because under the laws of Ohio an action for judicial dissolution of an Ohio corporation cannot be maintained by less than a majority of the stockholders. The case is governed by Section 8623–86, pertinent parts of which are printed in the margin.[1]

Section 8623–79 provides for voluntary dissolution upon vote of two-thirds of the voting shares or such other proportion as the articles may require.

---

1. Sections 8623–86. "Judicial dissolution; procedure. A corporation of this state may be dissolved by an order of common pleas court * * * when it is made to appear:

Section 8623–87 provides that the petition for judicial dissolution "may be filed by or on behalf of the holders of the shares entitled to dissolve the corporation * * *."

Under the Ohio law, which is controlling here, Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Ragan v. Merchants Transfer & Warehouse Company, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520; Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, the provisions of these statutes for the dissolution of corporations are exclusive. Shearer v. Union Mortgage Company, 28 Ohio App. 373, 162 N.E. 696; Goldberg v. Friedman, 8 Ohio Law Abst. 8.

Appellant owns only a small fraction of 1% of the stock of Portsmouth and, if these statutes apply, the District Court was clearly correct in holding that appellant and the single intervenor had not capacity to maintain the action.

Appellant contends that the statutes do not apply to the action pleaded, which includes allegations of waste, mismanagement, nonfeasance and abandonment of the objects of the corporation. But the District Court found, and we think correctly, that these allegations are not stated with the particularity required by the Rules of Civil Procedure and relate to matters within the proper discretion of the board of directors of the corporation. The allegations are mere conclusions and are not supported by the facts set forth in the petition.

"(a) That its articles have been cancelled; or

"(b) That its property and assets are insufficient to pay all just demands for which it is liable, or to afford reasonable security to those who may deal with it; or that the objects of the corporation have wholly failed, or are entirely abandoned, or their accomplishment is impracticable; or

Appellant also contends that the action pleaded is not for dissolution of the corporation; but the prayer clearly contradicts this contention. The complaint avers that the defendant directors "have failed, neglected and refused to dissolve Portsmouth, liquidate its assets and distribute the proceeds prorata among its shareholders. * * *" It alleges upon information and belief that "The winding up of the affairs and business of Portsmouth, the liquidation of its assets and the distribution of the proceeds among the shareholders of Portsmouth" will be beneficial to the shareholders. It also sets forth that a demand upon the board of directors of Portsmouth or upon the stockholders to effect "the winding up and/or dissolution" of the company would be futile, as these groups are controlled and dominated by defendant Eaton. The gist of the action, in fact, as pleaded in the complaint, is one for judicial dissolution within the provisions of Section 8623–86, General Code. Moreover, the Ohio decisions which are binding here treat an action praying for winding up a corporation and distributing its assets as one for dissolution, Cincinnati, Hamilton & Dayton R. R. Co. v. Duckworth, 2 Ohio Cir.Ct.R. 518, affirmed by the Supreme Court of Ohio 21 Wkly.Law Bull. 36; North Fairmount Building & Savings Company v. Rehn, 8 Ohio Dec. 594; Woods v. Equitable Debenture Company, 11 Ohio Dec. 154.

The judgment of the District Court is affirmed.

"(c) That it is beneficial to the interests of the shareholders that the corporation should be dissolved and that the holders of shares entitling them to exercise a majority of the voting power on such proposal, or that the holders of shares entitled by the articles to dissolve the corporation, deem a dissolution beneficial to their interests; * * *."