**Laura H. NORWOOD, Administratrix of the Estate of Thomas L. Norwood, Deceased, Plaintiff,**

**v.**

**LINEBERGER–BERGEN, INC., a Corporation, Defendant.**

**Civ. A. No. 1940.**

United States District Court
W. D. North Carolina,
Shelby Division.
June 22, 1961.

William E. Chandler, Jr., Columbia, S. C., William T. Jones, Greenwood, S. C., for plaintiff.

Mortimer M. Weinberg, Sumter, S. C., Harvey A. Jonas, Lincolnton, N. C., for defendant.

WARLICK, Chief Judge.

The plaintiff, as the Administratrix of the Estate of Thomas L. Norwood, brings this action to recover damages for his wrongful death resulting from an automobile wreck. The Administratrix sues on her own behalf as surviving widow and on behalf of the surviving children of the decedent under the South Carolina Wrongful Death Statute (Sec. 10–1951 S.C.Code 1952). The action was brought originally in the United States District Court for the Western District of South Carolina. In that court, the defendant filed a motion to dismiss under provisions of 28 U.S.C.A. § 1391(a) which states that a civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside. In response to this motion, the plaintiff moved for a change of venue to the Western District of North Carolina, Shelby Division, under the provisions of 28 U.S.C.A. § 1406(a), which motion was granted, as this Division is the proper forum.

The case is before the court upon the defendant's motion for summary judgment. This motion is made on the grounds that the action is barred by the Statute of Limitations contained in Section 10–143, S.C.Code, 1952, which bars actions for death by wrongful act if not commenced within six years of the death of the person on account of whose death the action is brought. The plaintiff's decedent died on June 8, 1954, in the collision as set out in the complaint. The defendant contends this action was not commenced within six years thereafter.

The facts are not in dispute. The plaintiff's decedent died on June 8, 1954. The complaint in this action was received and filed in the office of the Clerk of the District Court for the Western District of South Carolina on June 8, 1960, at approximately 5:25 P.M. The Deputy Clerk, Miss Frances Metts, affixed process to the complaint and found the office of the United States Marshal for the Western District of South Carolina closed for the day. Summons and complaint were delivered to the office of the Marshal on June 9, 1960, and on that day sent by registered mail to the Chief Highway Commissioner, C. R. McMillan, Columbia, South Carolina.

This issue is confined to the question of whether the delivery of the complaint to the Clerk of the United States District Court was sufficient to toll the South Carolina Statute of Limitations.

At common law there was no right of action for an injury causing death. Sisk v. Pressley, D.C., 81 F.Supp. 16; Capps v. Atlantic Coast Line Rail-

road Co., 183 N.C. 181, 111 S.E. 533. Therefore, the plaintiff's right of action exists by reason of and within the provisions of the South Carolina statute. The federal court cannot give the right of action a longer life than it would have had in the state court as this would be adding something to the cause of action which cannot be done consistently with the decision in Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520.

The Ragan case is a substantially similar case to the one at bar. In that case the plaintiff argued that the filing of the complaint in the District Court in accordance with Rule 3 of the Federal Rules of Civil Procedure, 28 U.S.C.A., was sufficient to toll the Kansas statute. The defendant contended that by reason of a Kansas statute the statute of limitations was not tolled until service of the summons. The theory of the landmark case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, is that in diversity cases the rights enjoyed under local law should not vary because enforcement of those rights was sought in the federal court rather than in the state court, and it was on this basis that Ragan was decided. The court held that the statute concerning commencement of the action at date of service of summons was an integral part of the Kansas statute of limitations, and that therefore the defendant should prevail as the local law determined the life of the cause of action.

Section 10–101, S.C.Code 1952, Chapter 2, headed Limitation of Civil Actions, contains the following:

*"General Provisions"*

"§ 10–101. When action deemed commenced.

"An action is commenced as to each defendant when the summons is served on him or on a codefendant who is a joint contractor or otherwise united in interest with him. *An attempt to commence an action is deemed equivalent to the commencement thereof, within the meaning of this Title, when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendant or one of them usually or last resided or, if a corporation be defendant, to the sheriff or other officer of the county in which such corporation was established by law, where its general business was transacted or where it kept an office for the transaction of business."* (Italics added for emphasis.)

Judge Wyche, before whom this case was originally heard in the Western District of South Carolina, also had before him a companion case with identical facts regarding service and commencement of the action,—this being Gail W. Argo, Administratrix v. Lineberger-Bergen, Inc., C.A. No. 2764 in the Rock Hill Division. From his dismissal of said action an appeal was noted. The appeal not being docketed as required was dismissed when a motion was made in the Court of Appeals. The order of dismissal was entered on June 15, 1961 at Asheville. In his order of dismissal Judge Wyche made reference to a former decision he had rendered, Frith v. Associated Press, D.C., 176 F.Supp. 671, 677. In the Frith case he stated:

"Delivery to the Clerk of the United States District Court is not the equivalent of delivery to the Sheriff or Marshal. The functions of the Clerk and Marshal are separate and entirely independent of each other. The Clerk has no authority in connection with the service of process, except to deliver the summons and complaint for service to the Marshal or to a person specially appointed to serve them. See Rule 4(a), Rules of Civil Procedure, 28 U.S.C.A."

The cause of action in the case at bar arose under the laws of the State of South Carolina and can have no longer life than is given it by the Statute of Limitations of South Carolina. Ragan v. Merchants Transfer & Warehouse Co., supra. As the statute relating to the

requirements for commencement of an action are deemed an integral part of the South Carolina Statute of Limitations (Frith v. Associated Press, supra), it would follow that under the facts as presented, the plaintiff did not commence this action within six years in accordance with Sec. 10–143(6) S.C.Code 1952.

June 8, 1960, being the expiration date of this particular cause of action, and the summons and complaint not having reached the hands of the United States Marshal for service until June 9, 1960, the court is therefore of the opinion that the action is barred by the applicable South Carolina Statute of Limitations, and that judgment should be entered dismissing plaintiff's cause of action.

It is so ordered.