Mrs. Romualda Maria Juliana RIOS, individually and as administratrix of the estate of her deceased son, Fernando Rios, Plaintiff,

v.

David DRENNAN, Dr. Lawrence M. Drennan, individually and as father of David Drennan, John Farrell, Mrs. John Farrell, individually and as the surviving parent of John Farrell, Alberto Calvo, Dr. Alberto E. Calvo, individually and as father of Alberto Calvo, Defendants.

Civ. No. 862.

United States District Court
E. D. North Carolina,
Wilmington Division.

Oct. 18, 1962.

ty of citizenship and amount. The action was brought under a Louisiana statute, LSA–Civil Code Art. 2315, wherein there is a proviso that "the right of this action shall survive * * * for the space of one year from the death." Defendants have filed a motion to dismiss on the ground that the one year time limit had expired. The question is whether the procedural law of North Carolina or the Federal Rules of Civil Procedure determine when the action was "commenced" for purposes of tolling the statute of limitations.

The alleged wrongful death occurred on September 28, 1958. On September 23, 1959, the complaint was filed in the office of the Clerk of the Federal District Court. Due to plaintiff's failure to file a sufficient number of copies of the complaint and post the required bond, the summons could not be and was not issued until October 28, 1959, a month more than one year after the alleged wrongful death.

Under Rule 3 of the Federal Rules of Civil Procedure, 28 U.S.C.A., "(a) civil action is commenced by filing a complaint with the court." Under this rule, the statute of limitations was tolled as of September 23, 1959, and the suit timely commenced. The North Carolina rule of civil procedure, N.C.G.S. § 1–14, is that an action is not commenced until summons issues. Applying the North Carolina rule, the action was not timely begun.

Which rule applies? Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937), has been said to stand for the proposition that federal procedure and state substantive law were to be followed by federal courts sitting in diversity cases. The solution, however, is not to be found in labelling law "procedural" or "substantive".

In Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), it was held that a state statute of limitations was applicable in an equity case in the federal court. In recognition of the tremendous difficulty of drawing a definitive line between "substance"

Denis A. Barry, II, and Jim Garrison, New Orleans, La., for plaintiff.

George Rountree, Jr., Wilmington, N. C., for defendants.

CRAVEN, Chief Judge.

This tort action for wrongful death was filed in the Federal District Court for the Eastern District of North Carolina on the jurisdictional basis of diversi-

and "procedure", the Court made these observations in that case:

"(S)ince a federal court adjudicating a State-created right solely because of diversity of citizenship of the parties is for that purpose, in effect, only another court of the State, it cannot afford recovery if the right to recover is made unavailable by the State, nor can it substantially affect the enforcement of the right as given by the State.

*  *  *  *  *  *

In essence, the intent of that decision [Erie R. Co. v. Tompkins] was to insure that in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same * * * as it would be if tried in a State court."

In Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), a diversity action was brought in the federal court in Kansas. The action was founded on a Kansas statute and the question as to how and when the action was commenced was raised relevant to tolling the applicable Kansas statute of limitations. It was conceded that had the action been brought in the state court it would have been barred because not timely "commenced". The court extended the doctrine of Guaranty Trust Co. v. York, supra, and held that where an action is on a right created by state law, and the state law provides how the action is to be commenced in order to toll the statute of limitations, the state law, rather than the Federal Rules of Civil Procedure, control.

The Court remarked in Ragan that:

"Since that cause of action is created by local law, the measure of it is to be found only in local law.

*  *  *  *  *  *

We cannot give it longer life in the federal court than it would have had in the state court without adding something to the cause of action. We may not do that consistently with Erie R. Co. v. Tompkins."

The rule laid down in this case has very recently been applied and followed in a case in this circuit. See Norwood v. Lineberger-Bergen, Inc., 195 F.Supp. 127 (D.C., 1961). For other cases in full accord with it, see generally Barron & Holtzoff, Federal Practice and Procedure §§ 138, 163 (Rules edition 1960).

Query whether the broad policy or theory set out in Guaranty Trust Co. has been qualified somewhat by Byrd v. Blue Ridge Rural Electric Co-operative, Inc., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958)? The Court decided in Byrd that the strong federal policy of submitting disputed questions of fact to a jury should not yield to the state court's interpretation of a state statute, the state court's decision being that a certain factual issue was for the judge alone to decide.

The Court noted in Byrd, however, that its inquiry was limited to "whether the federal policy favoring jury decision of disputed fact questions should yield to the state rule" and observed that "were 'outcome' the only consideration, a strong case might appear for saying that the federal court should follow the state practice."

The crux of the distinction between Guaranty Trust Co. and Byrd is to be found in this statement by the Court in the latter:

"We do not think the likelihood of a different result is so strong as to require the federal practice of jury determination of disputed factual issues to yield to the state rule in the interest of uniformity of outcome."

In the case at bar, there is not just the *"likelihood* of a different result". The result will differ depending upon which rule is applied.

There are, of course, differences between the instant case and Ragan. In Ragan, the federal district court was applying the law of the state in which it was sitting, both as to procedure and sub-

stance, an integral part of which was the manner in which an action must be commenced in order to toll the statute of limitations. In the instant case, the court sitting in North Carolina is applying the substantive law of Louisiana. North Carolina procedural law can scarcely be said to be an integral part of Louisiana substantive law.

■ This federal court, sitting in North Carolina, is bound to follow applicable North Carolina substantive law in a diversity case. Erie R. Co. v. Tompkins, supra. This, of course, includes North Carolina rules of conflict of laws. Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

■ Under North Carolina law, the law of the state in which the tort occurred or in which the cause of action arose governs as to substantive matters. Howle v. Twin States Exp., 237 N.C. 667, 75 S.E.2d 732 (1953); Reuning v. Henkel, D.C., 138 F.Supp. 492, aff'd, 239 F.2d 131 (4 Cir., 1956). It is a further part of the North Carolina law that when an action is based on a foreign statute which creates a cause or right of action and the statute itself contains a limitation on the time within which the action can be brought, the life of the right of action is limited by that provision and not by the local statutes of limitation. Capps v. Atlantic Coast Line R. R., 183 N.C. 181, 111 S.E. 533 (1922). Additionally, N.C.G.S. § 1–21 (as amended), provides that "where a cause of action arose outside of this State and is barred by the laws of the jurisdiction in which it arose, no action may be maintained in the courts of this State for the enforcement thereof, except where the cause of action originally accrued in favor of a resident of this State." Too, it is a rule of law in North Carolina that regardless of where the right or cause of action arose, the remedial procedure to be followed is that of the state where it is brought. Vanderbilt v. Atlantic Coast Line R. R., 188 N.C. 568, 125 S.E. 387,

52 A.L.R. 287 (1924); and see generally, 11 Am.Jur., Conflict of Laws § 186.

■ Hence, if this action had been brought in a North Carolina state court rather than in a federal court sitting in North Carolina, North Carolina procedural law would have required the issuance of summons before the statute of limitations would have been tolled. In view of the policy born in Guaranty Trust Co. v. York, supra, and revitalized in Ragan v. Merchants Transfer & Warehouse Co., supra, the argument that the Federal Rules of Civil Procedure would control as to when this action was commenced must be rejected. Myers v. Slotkin, 13 F.R.D. 191 (D.C., 1952). It is clear that the predominant consideration in diversity cases is not that of drawing a fine line of distinction between "substance" and "procedure", but whether a suit involving state created rights will result in substantially the same outcome that it would had it been brought in the state court.

■ In a diversity suit, a federal court is, in effect, only another local forum. The right to recover is determined and measured by the law of the state. If the action cannot be maintained in a state court because of state law, it should not be allowed to be maintained here.

In this case the remedy is so interrelated with the right—in fact determines the very life of the right—that the federal interest in its rules is slight when compared with the substantial rights of the parties involved. The nature of this case and the body of law, both state and federal, applicable to it compel that the North Carolina rule of civil procedure be given precedence. The North Carolina rule is that an action is not commenced until summons issues, hence this action was not timely begun and is barred by the statute of limitations appearing on the face of the Louisiana statute under which the action is brought.

Defendant's motion to dismiss is granted.