Michelle L. MELVIN, Plaintiff,

v.

WAL–MART STORES,
INC., Defendant.

No. 1:03 CV 00816.

United States District Court,
M.D. North Carolina.

Sept. 30, 2004.

Karen Zaman, Karen Zaman & Associates, Charlotte, NC, Jeffrey A. Hyman, Lohf Shaiman Jacobs Hyman & Feiger, PC, Denver, CO, for Plaintiff.

## MEMORANDUM OPINION

BULLOCK, District Judge.

On September 16, 2000, Michelle L. Melvin ("Plaintiff") suffered a personal injury at a store owned by Wal–Mart Stores, Inc. ("Defendant") in Roxboro, North Carolina. Plaintiff brought this diversity action in the United States District Court for the Middle District of North Carolina on August 28, 2003. A summons was issued on October 16, 2003, forty-three (43) days after Plaintiff filed her action. Plaintiff served Defendant with the summons on

October 29, 2003, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Before the court is Defendant's Rule 12(b)(6) motion to dismiss alleging Plaintiff's failure to commence her action within the statute of limitations. For the following reasons, Defendant's motion to dismiss will be denied.

## DISCUSSION

The issue before the court is whether Plaintiff's suit is timely. The specific question presented is whether this court should apply North Carolina Rule 4 or Federal Rule 4 governing the issuance of a summons. If the North Carolina Rule applies, then Plaintiff's suit is untimely because Plaintiff's suit was discontinued after the running of the statute of limitations. If the Federal Rule applies, then Plaintiff's suit is timely because the summons was issued within 120 days of Plaintiff's filing of her complaint.

I. *North Carolina's Rule Requiring the Issuance of a Summons is Inapplicable*

■ A federal court sitting in diversity generally applies the relevant state substantive law and federal procedural law. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Delineating substantive from procedural matters can be intellectually challenging. *See, e.g., Hanna v. Plumer*, 380 U.S. 460, 463–74, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Guaranty Trust Co. v. York*, 326 U.S. 99, 104–12, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Two competing goals in the endeavor are the "discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Hanna*, 380 U.S. at 468, 85 S.Ct. 1136.

■ A court sitting in diversity will generally apply the state's statute of limitations and rules regarding how a plaintiff commences a suit for the purpose of tolling the statute of limitations. *Guaranty Trust Co.*, 326 U.S. at 108–09, 65 S.Ct. 1464.[1] A motion to dismiss under Federal Rule 12(b)(6) is proper in a diversity case when a plaintiff has not satisfied the state statute of limitations. *See, e.g., Doe v. Doe*, 973 F.2d 237, 240–42 (4th Cir.1992) (affirming the dismissal under Rule 12(b)(6) of a diversity action based on a sexual abuse claim). North Carolina imposes a three-year statute of limitations for negligence actions. N.C. Gen.Stat. § 1–52. Failure to bring an action within the statute of limitations period bars a plaintiff from seeking relief. *Id.*

Rule 3 of the North Carolina Rules of Civil Procedure clearly states that an action is commenced upon filing a complaint. *See* N.C.R. Civ. P. 3(a) ("A civil action is commenced by filing a complaint with the court.").[2] Failure to file a complaint within the statute of limitations abates the action. *Id.* The rule states that the summons and complaint shall be served in accordance with Rule 4 of the North Carolina Rules of Civil Procedure, but the rule does not state that the failure to do so renders a suit abated or the commencement void. *Id.* ("The summons and the court's order shall be served in accordance with the provisions of Rule 4. When the

---

1. Nonetheless, the federal rule regarding commencement remains relevant: "in diversity actions Rule 3 [of the Federal Rules of Civil Procedure] governs the date from which various timing requirements of the Federal Rules begin to run, but does not affect state statutes of limitations." *Walker v. Armco*

*Steel Corp.*, 446 U.S. 740, 751, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980).

2. A plaintiff may, alternatively, commence an action by filing for an extension of time and by securing a summons from the state court. N.C.R. Civ. P. 3(a).

complaint is filed, it shall be served in accordance with the provisions of Rule 4 or by registered mail if the plaintiff so elects.").

North Carolina previously required the issuance of a summons to commence an action. *See generally Cannon v. Kroger Co.*, 837 F.2d 660, 667 n. 12 (4th Cir.1988) (Murnaghan, J., dissenting) (discussing the evolution of North Carolina's Rule 3). The State amended the rules to allow a plaintiff to commence an action by filing a complaint. *Id.* The official commentary to the amended rule reasoned that the change "remove[s] a potential trap for an unwary plaintiff in a North Carolina federal court." Comment, N.C.R. Civ. P. 3 (1983). The commentary discusses the North Carolina General Statutes Commission's intention to change the outcome of cases like *Rios v. Drennan*, 209 F.Supp. 927 (E.D.N.C.1962), which correctly applied the old North Carolina Rule 3 to bar a plaintiff's recovery. In *Rios*, the plaintiff filed a complaint in federal court for wrongful death five days before the running of the statute of limitations. The plaintiff failed to post the required bond, and consequently the federal court did not issue a summons until over a month after the filing of the complaint. The defendant moved to dismiss based on the old North Carolina Rule 3 requiring the issuance of a summons to commence a lawsuit. The plaintiff would have prevailed if the federal rule applied. The federal court dismissed the action, holding that the federal rule did not apply and that the North Carolina practice regarding the commencement of an action governed. *Id.* at 930. The Commission changed North Carolina Rule 3 to avoid similar results.

As noted in the commentary, "[t]he trap which ensnared [the *Rios* plaintiff] would exist so long as the federal and State practices [regarding whether a summons was required to commence a lawsuit] varied. The Commission believed this variance should be eliminated." [3] Comment, N.C.R. Civ. P. 3 (1983).

■ Rule 4 of the North Carolina Rules of Civil Procedure instructs that upon filing a complaint, a plaintiff must have a summons issued within five days. N.C.R. Civ. P. 4(a) (stating that "[u]pon the filing of the complaint, summons shall be issued forthwith, and in any event within five days"); *see also Stokes v. Wilson & Redding Law Firm*, 72 N.C.App. 107, 111, 323 S.E.2d 470, 474 (1984) (stating that the statute is "clear and unambiguous in its requirement" that a summons be issued within five days following the filing of a complaint). If a summons is not issued within five days of filing a complaint, the suit is discontinued. A discontinued suit may be revived by the issuance of a summons, and the date of commencement for the new suit is the date of the issuance of the summons. *See id.* at 111, 323 S.E.2d at 474 ("[A] properly issued and served ... summons can revive and commence a new action on the date of its issuance"); *Roshelli v. Sperry*, 63 N.C.App. 509, 305 S.E.2d 218 (1982) (finding that the issuance of a summons once the suit is discontinued does not relate back to the filing of the complaint). If the date of the issuance of the summons in a discontinued action is beyond the running of the statute of limitations, then plaintiff's suit will not be timely. *Roshelli v. Sperry*, 63 N.C.App.

---

3. The discussion of the commentary to North Carolina's Rule 3 is relevant because it indicates that the intent behind the amendment was to allow an action to be commenced solely by filing a complaint. The requirement of a summons was eliminated when Rule 3 was amended. The commentary reveals that the North Carolina General Statutes Commission's intent was to protect similarly situated plaintiffs (such as Plaintiff in this matter) in federal court who do not have a summons issued within the statute of limitations.

509, 305 S.E.2d 218 (1983), *review denied, Roshelli v. Sperry,* 309 N.C. 633, 308 S.E.2d 716 (1983) (finding plaintiff's action time barred because the summons was not issued until after the five-day period following the filing of the complaint and after the running of the statute of limitations).

North Carolina's rules governing the issuance of a summons and the discontinuance of a lawsuit are procedural. While a plaintiff may be subject to dismissal for failure to obtain a summons within five days of filing suit if the statute of limitations has run, the action is already considered "commenced" in North Carolina. Discontinuance of a suit, although having potentially substantial ramifications for a plaintiff, is not the equivalent of the failure to commence a suit or the abatement of a suit for failure to file a complaint timely. This holding does not give Plaintiff's claim "longer life ... than it would have had in state court," because nothing more was required of Plaintiff to properly commence her action within the statute of limitations. *Ragan v. Merchs. Transfer & Warehouse Co.,* 337 U.S. 530, 533–34, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). Likewise, this holding does not promote forum shopping between the federal and state court systems.

Accordingly, Rule 4 of the Federal Rules of Civil Procedure applies because federal procedural rules govern in diversity cases. Federal Rule 4(m) allows a plaintiff 120 days to have a summons issued and served upon a defendant. The issuance of a summons on October 16, 2003, and the service of the summons on October 29, 2003, were timely.

## II. *Walker Jurisprudence is Inapplicable*

Defendant relies on *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), and its progeny to support its position that Plaintiff's suit did not commence until after the running of the statute of limitations. The differences between North Carolina law and the laws contemplated by *Walker* jurisprudence, however, are important. *Walker* jurisprudence contemplates state laws dictating that suits are not "commenced" until there is a filing of a complaint plus something further. As discussed above, however, North Carolina law does not require an additional step to commence a suit.

In *Walker,* the plaintiff filed his complaint in an Oklahoma federal district court based upon diversity of citizenship before the statute of limitations ran on his claim. Oklahoma law dictated that an action was not commenced until the plaintiff served the defendant with the summons. Oklahoma law further provided that service of the summons could be effected after the running of the statute of limitations provided that service was made within sixty (60) days of the filing of the complaint. The plaintiff failed to serve the defendant within the sixty-day time period prescribed by Oklahoma law. In affirming the dismissal of the plaintiff's suit, the Supreme Court found "the service requirement an 'integral' part of the statute of limitations .... As such, the service rule must be considered part and parcel of the statute of limitations." *Id.* at 751–52, 100 S.Ct. 1978.

Defendant also cites *Eades v. Clark Distrib. Co.,* 70 F.3d 441 (6th Cir.1995), to support its position. The plaintiff in *Eades* filed suit in a Kentucky federal district court based on diversity of citizenship before the statute of limitations ran on his claim. Like Oklahoma, "[u]nder Kentucky law ... an action is deemed commenced not at the time a complaint is filed, but rather 'on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action.' " *Id.* at 442 (quoting Ky. Rev.Stat. Ann. § 413.250 (Baldwin 1991)).

The Sixth Circuit affirmed the judgment of the district court in finding that the Kentucky rule requiring a summons to commence a suit applied to bar the plaintiff's suit. *Id.* at 444.

Defendant also cites *Morse v. Elmira Country Club,* 752 F.2d 35, 37–39 (2d Cir. 1984). In *Morse,* the Second Circuit favorably discussed *Walker* and applied a New York statute requiring both a filing and service.

Finally, Defendant cites *Converse v. Gen. Motors Corp.,* 893 F.2d 513 (2d Cir. 1990), as support for its position. *Converse* involved a similar procedural fact pattern to the prior three cases discussed. The Second Circuit upheld the application of a judicially made rule that " 'in [Connecticut,] the time when the action is regarded as having been brought is the date of service of the writ upon the defendant.' " *Id.* at 515 (quoting *Consol. Motor Lines, Inc. v. M & M Transp. Co.,* 128 Conn. 107, 20 A.2d 621, 622 (1941) (citations omitted)).

North Carolina's statute regarding the commencement of a law suit is wholly distinguishable from the statutes contemplated by *Walker* and its progeny. Rule 3 of the North Carolina Rules of Civil Procedure makes it clear that an action may be commenced by the filing of a complaint and nothing more. The dictates regarding issuance and service of a summons are not "an 'integral' part of the statute of limitations" and are thus not "part and parcel of the statute of limitations." *Walker,* 446 U.S. at 751–52, 100 S.Ct. 1978. Accordingly, this court will deny Defendant's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the court will deny Defendant's motion to dismiss Plaintiff's complaint.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith,

### *ORDER*

For the reasons set forth in a memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Defendant's motion to dismiss [Doc. # 4] is **DENIED.**