# RAGAN *v.* MERCHANTS TRANSFER & WARE-HOUSE CO.

No. 522. Argued April 20, 1949.—Decided June 20, 1949.

*Cornelius Roach* argued the cause for petitioner. With him on the brief was *Daniel L. Brenner*.

*Douglas Hudson* argued the cause and filed a brief for respondent.

Opinion of the Court by MR. JUSTICE DOUGLAS, announced by MR. JUSTICE REED.

This case, involving a highway accident which occurred on October 1, 1943, came to the District Court for Kansas by reason of diversity of citizenship. Petitioner instituted it there on September 4, 1945, by filing the complaint with the court—the procedure specified by the Federal Rules of Civil Procedure.[1] As prescribed by those Rules, a summons was issued.[2] Service was had on December 28, 1945. Kansas has a two-year statute of limitations applicable to such tort claims.[3] Respondent pleaded it and moved for summary judgment. Petitioner claimed that the filing of the complaint tolled the statute. Respondent argued that by reason of a Kansas statute[4] the statute of limitations was not tolled until service of the summons.

---

[1] Rule 3 provides, "A civil action is commenced by filing a complaint with the court."

[2] Rule 4 (a) provides:

"Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it. Upon request of the plaintiff separate or additional summons shall issue against any defendants."

An earlier summons issued on September 7, 1945, and thereafter served had been quashed.

[3] Kan. Gen. Stats. 1935, § 60–306.

[4] *Id.*, § 60–308 provides,

"An action shall be deemed commenced within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant who is a joint contractor, or otherwise united in interest with him. Where service by publication

The District Court struck the defense and denied respondent's motion. A trial was had and a verdict rendered for petitioner. The Court of Appeals reversed. 170 F. 2d 987. It ruled, after a review of Kansas authorities, that the requirement of service of summons within the statutory period was an integral part of that state's statute of limitations. It accordingly held that *Guaranty Trust Co.* v. *York,* 326 U. S. 99, governed and that respondent's motion for summary judgment should have been sustained. The case is here on a petition for certiorari which we granted because of the importance of the question presented. 336 U. S. 917.

*Erie R. Co.* v. *Tompkins,* 304 U. S. 64, was premised on the theory that in diversity cases the rights enjoyed under local law should not vary because enforcement of those rights was sought in the federal court rather than in the state court. If recovery could not be had in the state court, it should be denied in the federal court. Otherwise, those authorized to invoke the diversity jurisdiction would gain advantages over those confined to state courts. *Guaranty Trust Co.* v. *York* applied that principle to statutes of limitations on the theory that, where one is barred from recovery in the state court, he should likewise be barred in the federal court.

It is conceded that if the present case were in a Kansas court it would be barred. The theory of *Guaranty Trust Co.* v. *York* would therefore seem to bar it in the federal court, as the Court of Appeals held. The force of that reasoning is sought to be avoided by the argument that

is proper, the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof within the meaning of this article when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within sixty days."

the Federal Rules of Civil Procedure determine the manner in which an action is commenced in the federal courts—a matter of procedure which the principle of *Erie R. Co.* v. *Tompkins* does not control. It is accordingly argued that since the suit was properly commenced in the federal court before the Kansas statute of limitations ran, it tolled the statute.

That was the reasoning and result in *Bomar* v. *Keyes*, 162 F. 2d 136, 141. But that case was a suit to enforce rights under a federal statute.[5] Here, as in that case, there can be no doubt that the suit was properly commenced in the federal court. But in the present case we look to local law to find the cause of action on which suit is brought. Since that cause of action is created by local law, the measure of it is to be found only in local law. It carries the same burden and is subject to the same defenses in the federal court as in the state court. See *Cities Service Co.* v. *Dunlap*, 308 U. S. 208; *Palmer* v. *Hoffman*, 318 U. S. 109, 117. It accrues and comes to an end when local law so declares. *West* v. *American Tel. & T. Co.*, 311 U. S. 223; *Guaranty Trust Co.* v. *York, supra.* Where local law qualifies or abridges it, the federal court must follow suit. Otherwise there is a different measure of the cause of action in one court than in the other, and the principle of *Erie R. Co.* v. *Tompkins* is transgressed.

We can draw no distinction in this case because local law brought the cause of action to an end after, rather than before, suit was started in the federal court. In both cases local law created the right which the federal court was asked to enforce. In both cases local law undertook to determine the life of the cause of action. We cannot give it longer life in the federal court than it

---

[5] Civil Rights Act, 8 U. S. C. § 43.

would have had in the state court without adding something to the cause of action. We may not do that consistently with *Erie R. Co.* v. *Tompkins.*

It is argued that the Kansas statute in question [6] is not an integral part of the Kansas statute of limitations. But the Court of Appeals on a careful canvass of Kansas law in an opinion written by Judge Huxman, a distinguished member of the Kansas bar, has held to the contrary. We ordinarily accept the determination of local law by the Court of Appeals (see *Huddleston* v. *Dwyer,* 322 U. S. 232, 237), and we will not disturb it here.

*Affirmed.*


Mr. Justice Rutledge dissents. See his dissenting opinion in Nos. 442 and 512, *Cohen* v. *Beneficial Industrial Loan Corp., post,* p. 557.

---

[6] Note 4, *supra.*