**EDWARDS v. McCULLOGH.**

**KNIGHT v. McCULLOGH.**

Civ. A. No. 709.

United States District Court
W. D. Kentucky, at Paducah.

Sept. 22, 1953.

————◆————

Louis P. McHenry, Walter Robinson, Hopkinsville, Ky., Joseph S. Freeland, Paducah, Ky., for plaintiffs.

Chas. A. Williams, Percy H. Green, Paducah, Ky., for defendant.

SHELBOURNE, Chief Judge.

These suits, above styled and numbered, were filed in this Court and summons issued on March 24, 1953. Both actions arose out of a collision between an automobile owned by the plaintiff William Knight, Jr., and an automobile owned and operated by Raymond L. McCullogh, defendant, on U. S. Highway 41 within the Western District of Kentucky, on March 24, 1952.

Plaintiff Knight was operating a Hudson Sedan and was accompanied by plaintiff

10. Baumgartner v. United States, 322 U. S. 665, 673, 64 S.Ct. 1240, 88 L.Ed.

1525; United States v. Rossler, 2 Cir., 144 F.2d 463.

Lesel Edwards, when the Hudson Sedan came into collision with the Chevrolet automobile owned and operated by McCullogh. Both plaintiffs sustained personal injuries for which they seek recovery and the plaintiff Knight seeks to recover $1,400 damages to the Hudson Sedan.

The plaintiffs are each residents and citizens of Christian County, Kentucky and the defendant Raymond L. McCullogh is a citizen and resident of the State of Tennessee.

Jurisdiction is claimed solely because of the diversity of citizenship between the plaintiff in each action and the defendant and venue was obtained by service of the complaint and summons on the Secretary of State of Kentucky, as provided by Kentucky Statute, KRS 188.020–188.060.

The answer in each case alleges that the right of action in each complaint did not accrue within one year next before the commencement of the action, this defense in action No. 710, filed by Knight, being leveled only at the portion of the complaint seeking to recover for personal injuries.

If this defense is valid as to personal injuries, it will leave the amount sought to be recovered for property damage of $1,400, which is less than the requisite jurisdictional amount in diversity actions and therefore, if the defendants' pleas of limitation are valid, it would result in the dismissal of both actions.

Admittedly, under the construction of the one-year statute of limitations, KRS 413.-140, by the Kentucky Court of Appeals, these cases would be barred by limitation because the date on which the accident occurred would be counted and plaintiffs would have only until March 23, 1953 within which to file their complaints.

Plaintiffs contend, however, that the question presented is procedural and controlled by Rule 6 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that in computing any period of time prescribed or allowed by these Rules, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be counted.

However, the Court is of opinion that jurisdiction in this case being based upon diversity of citizenship, the case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, is applicable and under that decision the law of the State of Kentucky controls. This is the teaching of Guaranty Trust Company of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, and Ragan v. Merchants Transfer & Warehouse Company, 337 U.S. 530, 69 S. Ct. 1233, 93 L.Ed. 1520, and the Court is of opinion that both cases, insofar as they seek to recover for personal injuries and medical and hospital expenses, were at the time they were filed in this Court barred by the one-year statute of limitations.

Therefore, an order overruling the plaintiffs' motions to strike the second defense from the answers of the defendant is this day entered.