472

Madeline SYLVESTER, Plaintiff-Appellant,

v.

Lorraine I. MESSLER, Administratrix of the Estate of Adeline Elizabeth Houghton, Deceased, Defendant-Appellee.

Maude OLDFIELD, Plaintiff-Appellant,

v.

Lorraine MESSLER, Administratrix of the Estate of Adeline Elizabeth Houghton, Deceased, Defendant-Appellee.

Nos. 16106, 16107.

United States Court of Appeals Sixth Circuit.

Sept. 10, 1965.

Eric E. Zisman, Detroit, Mich., for appellants.

John A. Ashton, Detroit, Mich., Eggenberger, Eggenberger & Ashton, Detroit, Mich., on brief, for appellee.

Before O'SULLIVAN and EDWARDS, Circuit Judges, and MATHES, Senior District Judge.*

* William C. Mathes, sitting by designation from the United States District Court for the Southern District of California.

PER CURIAM.

These are appeals from dismissal of plaintiffs-appellants' complaints in diversity actions resulting from an automobile accident. The United States District Judge dismissed these suits on motion because of plaintiffs' failure to comply with the time and service requirements of the Michigan Statute of Limitations, Mich.Stat.Ann., 1962 Rev., §§ 27A.5805 and 27A.5856.

The District Judge held that Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), mandated application of the state limitation provisions cited above. We agree with Judge Kaess' brief but well-reasoned opinion, Sylvester et al. v. Messler, 246 F.Supp. 1 (E.D.Mich. 1964).

At oral argument and by supplemental briefs, appellants suggested to this court, however, that a United States Supreme Court case decided a year after the District Court opinion referred to above had overruled the Ragan case. We have examined the opinion of Chief Justice Warren in Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), and conclude that although it refers to and cites Ragan, it carefully refrains from overruling same. The instant case appears to us to be directly governed by Ragan.

Affirmed.