**Nadia O'SHEA**
v.
**Elmer BINSWANGER**
and
**David H. Wallace.**
**Civ. A. No. 17056.**

United States District Court
D. Maryland.
March 29, 1967.

Alfred Burka, Bethesda, Md., and Joseph D. Bulman, Sidney M. Goldstein, and Arthur S. Feld, Washington, D. C., for plaintiff.

Donald E. Sharpe, Baltimore, Md., for defendants.

NORTHROP, District Judge.

The cause of action arises from an automobile collision on August 4, 1963, in Maryland. The plaintiff claims in her complaint to be a "resident" of the District of Columbia. The defendants are citizens of Maryland. The amount in controversy is claimed to exceed $10,-000.00. The plaintiff further alleges that the collision and the injuries sustained by her were due to the negligence of the defendants. Suit was filed on February 11, 1966. The plaintiff paid to the marshal $50.00 to have the summons and complaint served on each defendant. The marshal attempted to serve the defendants in February. However, he could not locate either defendant. He did find that defendant Wallace worked on an oyster boat and could possibly be served on a weekend. He further informed plaintiff's counsel that the defendant Binswanger had moved from Bivalve, Maryland, and had left no forwarding address. The marshal then requested that the attorney for the plaintiff supply him some information as to where he might serve the defendant Binswanger. He requested that the plaintiff deposit an additional $50.00 if she desired him to make another attempt to serve the defendants. The letters of the marshal to the plaintiff's lawyer are dated March 4, 1966, and April 21, 1966. In the latter letter the marshal told the plaintiff's attorney that the summons would be returned unexecuted if he did not respond by April 29, 1966. The attorney for the plaintiff did not reply in writing. Rather, he stated at the hearing that he made several attempts to find the two defendants, but was unable to do so. He telephoned the marshal the results of his inquiry. Because the plaintiff was of limited means, he did not deposit the additional requested $50.00 to have the marshal attempt to serve defendant Wallace. From his inquiry, the plaintiff's attorney learned that Wallace was rarely seen in the area and appeared to be avoiding possible service of process.

The summons was returned unexecuted as to each defendant on May 3, 1966. Counsel kept in contact with various people in the area such as the sheriff and the state's attorney. He finally received information in the latter part of November that both defendants were again frequenting the area. The plaintiff then on December 1, 1966, moved for the appointment of a special process server. This motion was granted by Judge Watkins. The summons and complaint were served on each defendant on December 23, 1966

The court will first consider the defendants' motion to dismiss.

The first ground on which the defendants rely is that the statute of limitations has run by failure to renew service when the marshal returned the first service unexecuted. The first issue to be resolved is whether in a suit in which the jurisdiction of the court is based on diversity

of citizenship the state or the federal law controls the tolling of the statute of limitations.

■ In Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), the Court held that in cases where the court's jurisdiction is based on the diversity of citizenship, state law governed the issue of limitations. In Ragan v. Merchants Transfer & Warehouse Co., Inc., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), the Court held that where the requirement of the service of summons within the statutory period was an integral part of the state's statute of limitations, the mere filing of the complaint in the federal court did not toll the statute. The broad holding of this case is that in diversity cases, a federal court must look to state law to determine when the statute of limitations is tolled. The court is of the opinion that the Supreme Court did not overrule the principle enunciated in Ragan in its decision in Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). See 1 Barron & Holtzoff, Federal Practice and Procedure with Forms (Rev. ed. Wright, Supp. 1966), § 163. In *Hanna,* the Court held that in a civil action where the jurisdiction of the federal court is based upon diversity of citizenship, service of process shall be made in the manner prescribed by federal rules and not by state law. The Court by implication said in *Hanna* that the scope of the Federal Rules of Civil Procedure was not as broad as the defendant had contended in *Ragan.* Because of the great length to which the Court went to distinguish *Ragan* from *Hanna,* this court is obliged to look to Maryland law to see when the statute of limitations is tolled.

■ At the common law in Maryland, a party to toll the statute of limitations had to file a complaint within the period of the statute and see that writs of summons were regularly and uninterruptedly renewed from term to term until the defendant was served. The omission to renew operated as a discontinuance of the action. However, this rule was changed for Baltimore City in 1894 and for the rest of the state in 1914. This change is embodied in Rule 112 of the Maryland Rules of Procedure. Under this rule, the plaintiff must file his complaint and ask that the writ be issued within the period of the statute of limitations. If the summons is returned non est, the clerk will renew it until the next return date. After that, the suit will lie dormant until the plaintiff asks that the summons again be issued. The change in Maryland procedure was a change in substance. Under the old law the statute was tolled until the next return date. Under the present law the statute is tolled indefinitely, once the complaint is filed and the summons is issued within the period. Service of process does not have to be made within the period. See Neel v. Webb Fly Screen Mfg. Co., 187 Md. 34, 48 A.2d 331 (1945); and 9 Md.L.Rev. 74 (1948). Since the plaintiff filed his complaint and had the summons issued within the period of the statute of limitations, this court holds that the defense of limitations is not applicable here

■ The second ground on which the defendants rely is that the plaintiff failed to prosecute the action with diligence as required by Rule 41(b) of the Federal Rules of Civil Procedure. The test used to determine whether a case should be dismissed for lack of prosecution under Rule 41(b) is whether there has been a lack of diligence by the plaintiff to prosecute and not a showing by the defendant that it will be prejudiced by a denial of its motion. However, in considering the question of whether the plaintiff has lacked the reasonable diligence in prosecuting his case, the court may and does consider whether the defendant has been prejudiced. See Messenger v. United States, 231 F.2d 328 (2nd Cir. 1956).

■ The suit was filed on February 11, 1966. The plaintiff made one attempt to have the defendants served before the

statute of limitations ran. The plaintiff did not attempt to serve the defendants again until December 1, 1966, almost eleven months after the case was filed and seven months after the first summons was returned unexecuted. On December 23, 1966, by means of a special process server, the defendants were finally served. The plaintiff's attorney stated that he had made diligent efforts to find the defendants, but could get little assistance from persons who knew them in the area. It appears the defendants were deliberately avoiding the locality where they were normally found. However, as soon as the plaintiff's attorney was able to locate them, he asked this court to appoint a special server of process. It is thus quite clear that the plaintiff did not file this suit just to toll the statute of limitations with no intent to serve the defendants. As soon as she received word where they could be located she took the action necessary to have them served. Furthermore, the defendants' lawyer said that his clients had not been prejudiced by the delay. For these reasons, this court finds that the plaintiff has prosecuted her action with diligence. Thus the suit is not subject to dismissal under Rule 41(b) of the Federal Rules of Civil Procedure.

■ The defendants' next ground for dismissal is that this court has no jurisdiction because the plaintiff alleges only that she is a *resident* and not a citizen of the District of Columbia. For the purposes of diversity jurisdiction, "citizenship" as used in Section 1332 of Title 28 U.S.C. is synonymous with domicile but is not synonymous with residence. Fisher v. United Airlines, Inc., 218 F. Supp. 223 (S.D.N.Y.1963). The plaintiff's attorney told the court that the plaintiff was a citizen or domiciliary of the District of Columbia. The court, however, granted the motion to dismiss on the ground that the plaintiff has failed to allege that she was a citizen of the District of Columbia, and allowed the plaintiff fifteen days from March 10, 1967, in which to file an amended complaint.

The defendant has moved to join Liberty Mutual Insurance Company as a party plaintiff in this case under Rule 19(a). Rule 19(a) says:

"A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if * * (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party."

■ Clause 2(i), according to the judicial conference's report, recognizes the importance of protecting the person whose joinder is in question against the practical prejudice to him which may arise through a disposition of the action in his absence. Inasmuch as the plaintiff is seeking only $100 property damages, Liberty Mutual Insurance Company, as the plaintiff's subrogee, may not be able to recover what it has already paid to the plaintiff for damage to her automobile if it is not joined. Likewise, Liberty Mutual Insurance Company did pay to the plaintiff under its insurance policy with the plaintiff certain sums for the plaintiff's medical expenses for which it would be reimbursed if the plaintiff succeeds. Where a person would have the right of reimbursement should the plaintiff recover, it is the rule in this district that the party with such a right should be made a plaintiff under Rule 19(a) of the Federal Rules of Civil Procedure if the defendant so requests. State of Maryland for Use of Geils v. Baltimore Transit Company, 37 F.R.D.

34 (D.Md.1965). See also Pinewood Gin Company v. Carolina Power & Light Company, 41 F.R.D. 221 (D.S.C.1966). The plaintiff's attorney said that he had no opposition to the defendants' motion to join Liberty Mutual.

Inasmuch as the defendants have shown that Liberty Mutual Insurance Company could not protect its rights unless joined and inasmuch as Liberty Mutual Insurance would have the right of reimbursement should the plaintiff recover, the court granted the defendants' motion to join Liberty Mutual Insurance Company.