**Fred N. WALKER, Plaintiff,**

v.

**ARMCO STEEL CORPORATION, a corporation, Defendant.**

**No. CIV–77–0816–T.**

United States District Court, W. D. Oklahoma.

April 18, 1978.

Don Manners, Oklahoma City, Okl., for plaintiff.

Burton J. Johnson and Richard L. Keirsey, Looney, Nichols, Johnson & Hayes, Oklahoma City, Okl., for defendant.

### ORDER

RALPH G. THOMPSON, District Judge.

Jurisdiction in this action, for personal injury, is founded upon 28 U.S.C. § 1332. Plaintiff's complaint states that he received injuries from defendant's tortious acts on August 22, 1975. Complaint was filed August 19, 1977, three days before the action would have been barred by the Oklahoma statute of limitations. Defendant was served with process on December 1, 1977. Defendant's motion to dismiss presents an essentially simple question which has no concrete answer in this jurisdiction; i. e., when is an action "commenced" in federal court, so as to toll the statute of limitations?

The Oklahoma statute of limitations for tortious injuries is two years. 12 O.S.1971, § 95. An action is commenced in state court when process issues, provided process is actually served within sixty (60) days after the attempt is made. 12 O.S.1971, § 97; *Lake v. Lietch,* 550 P.2d 935 (Okl. 1976). Plaintiff admits that had this action been filed in state court and service not made until December 1, it would be barred by the statute of limitations.

In federal court, an action is commenced when the complaint is filed. Rule 3, Federal Rules of Civil Procedure. Until 1965, Rule 3 was construed so as to incorporate the entire state statutory scheme for tolling the statute of limitations into federal procedure. *Ragan v. Merchants Transfer & Warehouse Co., Inc.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949); *Murphy v. Citizens Bank of Clovis,* 244 F.2d 511 (10th Cir. 1957). However, in *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the Supreme Court, in determining propriety of service, relied on Federal Rule 4d, rather than state law, which was in conflict. The Court in *Hanna* did not overrule *Ragan v. Merchants Transfer & Warehouse Co.,* supra, in fact, *Ragan* was distinguished by the *Hanna* Court at page 469, 85 S.Ct. 1136. However, following the *Hanna* decision, the circuits have been in conflict as to whether state law or Federal Rule 3 governs commencement of a suit. The majority rely on *Ragan* and determine commencement of suit by applying state law. *Witherow v. Firestone Tire & Rubber Co.,* 530 F.2d 160 (3rd Cir. 1976); *Anderson v. Papillion,* 445 F.2d 841 (5th Cir. 1971); *Groninger v. Davison,* 364 F.2d 638 (8th Cir. 1966); *Sylvester v. Messler,* 246 F.Supp. 1 (E.D.Mich.1965), aff'd 351 F.2d 472 (6th Cir. 1965), cert. denied 382 U.S. 1011, 86 S.Ct. 619, 15 L.Ed.2d 526. See also *Dial v. Ivy,* 370 F.Supp. 833 (W.D.Okl.1974), where the Court held that the state statute controlled, without commenting on *Hanna.* For the minority view, see *Sylvestri v. Warner & Swasey Co.,* 398 F.2d 598 (2nd Cir. 1968).

The Tenth Circuit has withheld decision on this issue. In *Chappell v. Rouch,* 448 F.2d 446 (10th Cir. 1971), the Tenth Circuit was presented with a question of whether Kansas law or the Federal Rules of Civil Procedure governed the commencement of suit so as to toll the Kansas statute of limitations. The trial court had overruled a motion to dismiss, holding that Federal Rule 3 determined when suit was commenced because *Hanna v. Plumer* had " 'modified' *Ragan* to the end that the federal rule, rather than the state statute, controls and fixes the time the [action was]

commenced." (Chappell at 448.) The Tenth Circuit commented on the trial court's ruling, stating:

"In our view of the matter, however, *Ragan* is distinguishable on its facts from the instant controversy and though we agree that *Hanna* governs, we need not here come to grips with the intriguing question as to whether *Hanna* overrules *Ragan,* a matter on which there is considerable difference of judicial thought." Id. at 448.

The Court went on to distinguish the *Ragan* rule from the facts before it. The Kansas statute relied on by the defendant was not an "integral" part of the Kansas statute of limitations. The Kansas statute defining commencement of actions was in the chapter on civil procedure and was not inextricably intertwined with the statute of limitations. The chapter entitled "Limitation of Actions" had no provision defining when and how commencement of actions would toll the statute of limitations. The Court summarized and concluded as follows:

"The narrow issue now to be resolved is whether we are prepared to hold that K.S.A. 60–203 [defining commencement of suit] is an 'integral part' of K.S.A. 60–501 and 60–513(4) [statutes of limitation]. If we do so hold, then *Ragan* would control, assuming *Ragan* has not been modified, if indeed not overruled, by *Hanna.* As indicated, we need not here make that determination as in our view K.S.A. 60–203 is not under the circumstances an integral part of K.S.A. 60–501 and K.S.A. 60–513(4). . . . Rather, K.S.A. 60–203 is just what the Kansas legislature declared it to be, a statute setting forth a rule of civil procedure. So, it boils down to a determination as to whether a Kansas statute promulgating a rule of civil procedure as to when an action is commenced takes precedence in the federal courts over Fed.R.Civ.P. 3, with which it is in direct conflict. All of which brings into play the rule of *Hanna.*" *Chappell,* at 449.

The Oklahoma statute before the Court today *is* an integral part of the Oklahoma statute of limitations. 12 O.S.1971, § 97, defining commencement of suit, is codified in the chapter entitled "Limitation of Actions". Section 97 states that "an action shall be deemed commenced, *within the meaning of this article,* as to each defendant, at the date of the summons which is served on him . . ." (Emphasis added). The preceding sections in the article define the statute of limitations for various types of injuries. 12 O.S.1971, § 97 is an integral part of the Oklahoma statute of limitations and would bar this suit if *Ragan* is still the law.

Having no express ruling from the Tenth Circuit on the effect of *Ragan* on these facts, this Court is free to treat the question as one of first impression. The Court is persuaded that *Hanna* did not overrule *Ragan.* The United States Supreme Court has not been shy to overrule cases expressly, and the fact the Supreme Court not only did not overrule *Ragan,* but in fact *distinguished* it, in *Hanna,* persuades this Court that *Ragan* still controls. Even limiting *Ragan* to its facts, dismissal of this suit is required. The Oklahoma definition of commencement of actions is an integral part of the Oklahoma statute of limitations. The rule of *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) requires that in diversity cases, litigants in federal court receive no advantages over those in state court. To ignore the Oklahoma statute in question here would give plaintiff greater rights in federal court than he would receive in state court, a result not allowed after *Erie.*

Plaintiff's complaint, on its face, is barred by the Oklahoma statute of limitations and the Oklahoma definition of commencement of suit. Accordingly, defendant's Motion to Dismiss is granted, and plaintiff's complaint is, by this order, dismissed.