**Irving M. ROSEN, Trustee in Reorganization of Bermec Corporation, Plaintiff,**

v.

**Lynda DICK, Executrix of the Estate of Jack R. Dick, Deceased, et al., Defendant.**

**ARTHUR ANDERSEN & CO., Defendant and Third-Party Plaintiff,**

v.

**ARISTOCRAT ANGUS RANCH, et al., Third-Party Defendants.**

No. 73 Civ. 2388 (CMM).

United States District Court, S. D. New York.

Sept. 21, 1981.

Graubard, Moskovitz, McGoldrick, Dannet & Horowitz, New York City, for plaintiff; Richard I. Donner, Martin S. Siegel, New York City, of counsel.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, for defendant and third-party plaintiff; Peter Fleming, Jr., John E. Sprizzo, New York City, of counsel.

METZNER, District Judge:

Defendant, Arthur Andersen & Co. (Andersen), moves pursuant to Rule 56(b), Fed.R.Civ.P., for partial summary judgment. Plaintiff, Trustee in Reorganization of Bermec Corp. (Trustee), has charged Andersen, in the context of a major, multi-party action, with violation of the Securities Laws and with negligence. Andersen moves for summary judgment as to the negligence claims, on the ground that they are barred by the statute of limitations. Plaintiff's Second Amended Complaint, Claims Twenty-four and Twenty-seven.

The summons and second amended complaint which first asserted claims against Andersen were filed on March 21, 1974. This was ten days before the expiration of an agreement between Andersen and the Trustee that Andersen would not assert a statute of limitations defense provided the action was instituted by March 31, 1974. An action is commenced in the federal courts by the filing of a complaint. Fed.R.Civ.P. 3. Thus, if federal law is applicable, the claims are not time barred.

However, Andersen was not served with the summons and amended complaint until April 2, 1974. State law provides that an action is commenced with the service of a summons. N.Y.C.P.L.R. §§ 203, 304. Andersen argues that state law applies to the claims in question and that under that law the claims are time barred.

There is no argument that the negligence claims are state law claims over which the court has pendent jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). There also seems to be no disagreement that the appropriate statutory period is the three-year period established by state law (N.Y.C.P.L.R. § 214); and that the statutory period ordinarily would have expired on June 17, 1971, on plaintiff's twenty-fourth claim, and on October 3, 1971, on plaintiff's twenty-seventh claim.

However, on March 24, 1971, Bermec Corp. filed a petition for arrangement under Chapter XI of the Federal Bankruptcy Act (Act). An amended petition, filed on April 16, 1971 pursuant to Chapter X of the Act, was approved on June 2, 1971. As a result, the limitations period was extended for two years to June 2, 1973. 11 U.S.C. former § 29(e).

The original complaint in this action, filed by Bermec's Trustee on May 30, 1973, did not name Andersen as a defendant. However, Andersen entered into a series of letter agreements with the Trustee dated February 26, 1973, June 13, 1973, September 6, 1973, October 23, 1973, and January 15,

1974, whereby the Trustee agreed not to institute any action against Andersen without a reasonable opportunity for them to confer and present reasons why the suit should not be instituted. In return, Andersen repeatedly agreed "not to assert any defense based upon the statute of limitations or laches in any action which may be instituted by the Trustee of Bermec Corporation ... except such as were available as of February 26, 1973." Each successive letter specified a later date by which the action had to be "instituted" to come within the agreement. The final letter agreement dated January 15, 1974, provided that Andersen would not assert the statute of limitations defense as to any action "instituted on or before March 31, 1974."

Plaintiff appears to have begun the process of instituting the action against Andersen almost immediately after entering into the last letter agreement. The Trustee informs us that attorneys for Andersen were served with a draft of the amended complaint on that same day. The Referee in Bankruptcy granted plaintiff's application to bring an action against Andersen on February 27, 1974. Plaintiff applied to this court for permission to include Andersen as a defendant on March 9, 1974, and that application was granted on March 19, 1974.

As noted above, the complaint was filed on March 21, 1974, and delivered to the Marshal for service, with instructions to serve by March 31, 1974. Nevertheless, the summons and complaint were not served on Andersen until April 2, 1974, two days after the expiration date of the January 1974 letter agreement.

Andersen argues that since the negligence claims are asserted under state law, they must be adjudicated as if they had been brought in state court. See, *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); *Ragan v. Merchants Transfer and Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949) (diversity cases).

However, even if state law governs, service of the summons and complaint was timely. Under the Supreme Court cases cited above, the basis for applying state law is to avoid different results if an action on the same claim is brought in state or federal court. Under New York law, a claim is not time barred when the summons and complaint are (a) delivered to the Sheriff (or in New York City to the Clerk) of the county in which the defendant resides, or is employed or does business; and (b) is served upon the defendant within sixty business days after the limitations period would otherwise have expired. N.Y.C.P. L.R. § 203(b)5. Clearly, if this claim had been brought in state court and delivered to the Sheriff or Clerk on March 21 and served on April 2, it would have been a timely service. The requirement in federal court that the summons be filed and delivered to a federal marshal cannot preclude the plaintiff from taking advantage of the sixty-day grace period provided by the state rule.

The Trustee's action was instituted within the terms of the January 15, 1974 agreement barring any assertion of the statute of limitations defense.

Motion denied.

So ordered.