Phyllis **BLAHA**, Plaintiff-Appellant,

v.

**A.H. ROBINS AND COMPANY,**
Defendant-Appellee.

No. 82–1284.

United States Court of Appeals,
Sixth Circuit.

Argued April 19, 1983.

Decided June 1, 1983.

Steven G. Silverman, Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick, Norman Rosen (argued), Richard E. Shaw (argued), Detroit, Mich., for plaintiff-appellant.

Jeremiah J. Kenney, Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, Mark Willmarth (argued), Thomas Foley, Detroit, Mich., for defendant-appellee.

Before MARTIN and CONTIE, Circuit Judges, and MARKEY, Chief Circuit Judge.*

PER CURIAM.

The plaintiff appeals from the district court's determination that her action was barred by the applicable Michigan statute of limitations. *Blaha v. A.H. Robins & Co.,* 536 F.Supp. 344 (W.D.Mich.1982). Her action was timely filed but she failed to make service upon the defendant until after the limitations period had expired. The issue on appeal is whether a Michigan court rule requiring automatic dismissal of actions in which service was not made within 180 days after the complaint was filed must be applied by a federal court sitting in diversity. The district court found that the Michigan rule should be applied and we affirm.

The relevant facts are as follows. The defendant manufactured and sold an inter-uterine contraceptive device known as the Dalkon Shield. The plaintiff began using the Dalkon Shield in 1972 and allegedly suffered injuries from its use, including a total hysterectomy in 1974. In March 1976, the plaintiff filed suit in federal district court pursuant to 28 U.S.C. § 1332. Service was not made upon the defendant until January 1980, which was undisputedly after the expiration of the statute of limitations.

■ Pursuant to the *Erie* doctrine, state statutes of limitations must be applied by federal courts sitting in diversity. *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). When the act of service is an integral part of a state statute of limitations, a federal court must likewise require service before the statute is tolled. *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), reaffirming *Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949).

■ After analyzing Michigan statutory and case law, the district court concluded that General Court Rule 102, which provides in part that a suit will be automatically dismissed if service is not made within 180 days after the complaint is filed, is an integral part of Michigan's law with respect to statutes of limitations. We agree. The purpose of the *Erie* doctrine is to have diversity cases decided under the same substantive rules as state cases so as to eliminate forum shopping and inequitable administration of the law. Failure to apply

---

* The Honorable Howard T. Markey, Chief Judge, U.S. Court of Appeals for the Federal Circuit, sitting by designation.

Rule 102 in this diversity action would create an inequitable situation where the federal diversity plaintiff is able to pursue her case while a state plaintiff, under identical facts, would be barred by the statute of limitations. "[T]here is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants." *Walker,* 446 U.S. at 753, 100 S.Ct. at 1986.

At oral argument, the plaintiff made several arguments which had not been made to the district court or in her briefs on appeal to this court. We decline to consider those arguments.

The judgment of the district court is AFFIRMED.