**Agnes L. MORSE, Plaintiff,**

v.

**ELMIRA COUNTRY CLUB, Defendant.**

**No. CIV–83–543T.**

United States District Court,
W.D. New York.

May 31, 1984.

Charles Sovel, Philadelphia, Pa., for plaintiff.

Nixon, Hargrave, Devans & Doyle, Rochester, N.Y. (Harold A. Kurland, Rochester, of counsel) for defendant.

**MEMORANDUM DECISION and ORDER**

TELESCA, District Judge.

This negligence action with jurisdiction predicated upon diversity of citizenship, 28 U.S.C. Section 1332, raises an issue of first impression with regard to recent amendments to Fed.R.Civ.P. 4 allowing for service by mail. According to the complaint, (and the dates are important) plaintiff was injured at defendant's establishment on June 28, 1980. It wasn't until May 23, 1983 that plaintiff filed her complaint in this Court, and two days later on May 25, 1983, following Fed.R.Civ.P. 4(c)(2)(C)(ii) plaintiff's attorney mailed a copy of the summons and complaint together with an acknowledgement of service form to defendant. On August 5, 1983 plaintiff's attorney received a letter from an attorney representing defendant which indicated that defendant did not intend to accept service by mail and would have to be served personally. Personal service was ultimately accomplished on August 30, 1983, a full 63 days beyond June 28, 1983.

---

Defendant now moves to dismiss this action on the ground that it is barred by the applicable statute of limitations.

## DISCUSSION

The statute of limitations in an action for negligence brought in New York State is three years. New York C.P.L.R. Section 214. In this case, the claim accrued on June 28, 1980 and therefore, the plaintiff must have interposed her claim on or before June 28, 1983. A claim is interposed under New York law, by service of the summons upon the defendant. New York C.P.L.R. Section 203(b)(1).

█ Although for many years the issue was in doubt,[1] the Supreme Court ended all debate as to when a diversity action is "commenced" in *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). The court held that where jurisdiction was predicated upon diversity of citizenship, an action was *not* "commenced" for statute of limitations purposes simply when filed under Fed.R.Civ.P. 3, but rather, was "commenced" only when the acts required under state law for commencement were completed, so long as those acts were not in *direct* conflict with the federal rules. *Id.*, 446 U.S. at 752, 100 S.Ct. at 1986. Thus, in a federal diversity case in New York, the action is deemed "commenced" when the summons is served.

Fed.R.Civ.P. 4 was amended in 1983 to allow for service of process by mailing to the defendant the summons and complaint together with an acknowledgement of service form to be completed and returned. Subdivision (c)(2)(C)(ii) provides that if acknowledgement of service is not returned within 20 days of the date of mailing, service of summons shall be accomplished through the use of the traditional methods, i.e. personal service. Subdivision (c)(2)(D) further provides that if good cause is not shown for refusal to return the acknowledgement, personal service costs are to be paid by the defendant.[2] Finally, subdivision (j) provides that if service is not accomplished within 120 days of the filing of the complaint, the action shall be dismissed without prejudice. The effective date of the amendments was February 26, 1983.

█ Plaintiff argues that the amendments to Rule 4 save her otherwise untimely service of summons upon defendant because personal service was accomplished within 120 days of her initial service attempt by mail on May 23, 1983.[3] Unfortunately, this Court cannot agree with plaintiff's construction of the Rule vis-a-vis the Supreme Court's clear pronouncement in *Walker v. Armco Steel Corp., supra.* See

---

1. In *Ragan v. Merchants Transfer and Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949) the Supreme Court held that state law was determinative of when a federal diversity action was commenced. However, in *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) the Court held that *Erie v. Tompkins,* did not mandate that state law apply to the method of service in a diversity action. Some courts, including the Second Circuit in *Sylvestri v. Warner & Swasey Co.,* 398 F.2d 598 (2nd Cir.1968) considered the *Ragan* case overruled by *Hanna v. Plumer.* For an excellent discussion of this issue see David D. Siegel, *Practice Commentary on Amendment of Federal Rule 4,* 96 F.R.D. 88 (1983).

2. See generally Federal Procedure, Lawyers Ed., Section 6566 (1983 Supp.).

3. Plaintiff's attorney appears to have confused the 120 day period discussed in Rule 4(j) with the 60 day reprieve period granted under N.Y. CPLR Section 203(b)(5). Under the latter, delivery of the summons to the County Sheriff or County Clerk gives the plaintiff an additional 60 days to serve the summons upon the defendant, even if the service upon the Sheriff is accomplished on the final day of the limitations period. This 60 day reprieve has been held applicable to federal diversity actions where service is made upon the U.S. Marshal or District Court Clerk in lieu of the Sheriff or County Clerk. *See Zarcone v. Condie,* 62 F.R.D. 563 (S.D.N.Y.1974); *Somas v. Great American Ins. Co.,* 501 F.Supp. 96 (S.D.N.Y.1980). It is unclear under New York law whether plaintiff would be granted an additional 60 days from delivery to the Sheriff, or whether 60 days would automatically be added on to the original limitations period regardless of when the delivery is made. *See* David D. Siegel, *New York Practice,* Section 47 (West, 1978). Under either interpretation, however, plaintiff's service upon defendant on August 30, 1983 was too late.

*Siegel,* Practice Commentary on Rule 4, C4–37 (28 U.S.C.A. Rules 1–11, 1984 Supp.)

The intent behind the amendments to Rule 4 enacted by Congress in 1983 appears to be to lower the costs of litigation by providing a cheaper and simpler alternative for process service and to relieve the federal Marshal's service of this obligation in most civil cases. Where a defendant fails to cooperate, subdivision (c)(2)(D) provides a remedy whereby such defendant will be charged with the costs of his own recalcitrance. Nowhere in the amendment is there any hint of a congressional intent to consider an action commenced when filed or when the first service by mail attempt is made. To the contrary, sub-division (c)(2)(C)(ii) makes it clear that if an acknowledgement is not received within 20 days of mailing, the party should pursue the more conventional forms of service.

Unlike *Hanna v. Plumer, supra,* the plaintiff in this case did not follow the federal rules explicitly only to find herself out of compliance with state law. Here, as in *Ragan* and *Walker, supra,* there is no "direct conflict" between Fed.R.Civ.P. 4(c) and state law. Consequently, *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) requires that state law be applied and the action be dismissed as untimely pursuant to New York C.P.L.R. Section 214.[4]

SO ORDERED.

DATED: Rochester, New York,

May 31, 1984.

---

**4.** It is truly unfortunate that defendant should be rewarded for its own non-compliance with the federal rules by a dismissal of the action against it. However, this case should stand as a warning to any attorney who is close to the statute of limitations deadline, to take it upon himself to assure personal service within the limitations period. It should be further noted that had plaintiff's attorney followed Fed.R. Civ.P. 4(c)(2)(C)(ii) and (D) explicitly, i.e. waited 20 days after service by mail and then served the summons personally, the action would have been timely and the costs of personal service would have been chargeable to the defendant.