**James L. WARNER, Plaintiff,**

v.

**J. Boyd BINNING, Defendant.**

**No. C–2–83–1241.**

United States District Court,
S.D. Ohio, E.D.

Feb. 11, 1987.

Dana A. Deshler, Jr., Michael F. Colley, Columbus, Ohio, for plaintiff.

Bernard Z. Yavitch, Columbus, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

GRAHAM, District Judge.

This matter is before the court on the defendant's motion for summary judgment. In the motion, defendant argues that this action is time barred pursuant to the applicable Ohio statute of limitations. The facts relevant to the statute of limitations defense are not in dispute.

Plaintiff's claim is one for legal malpractice. Plaintiff was involved in an automobile collision in the State of Kentucky which occurred on March 20, 1980. Plaintiff claims that he retained the defendant, an Ohio lawyer with offices in Columbus, Ohio, to represent him in regard to his claim for personal injuries arising out of this automobile accident. Defendant did not file an action on plaintiff's behalf within the applicable statute of limitations and as a result his claim became worthless. Plaintiff apparently became aware of this fact sometime during May of 1982. Ohio Revised Code, Section 2305.11(a) is the statute of limitations applicable to legal malpractice claims and provides that the action must be brought within one year after the cause accrues. The Ohio Supreme Court has held that in cases of legal or medical malpractice the cause does not accrue and the statute of limitations does not begin to run until the client discovers, or in the exercise of reasonable care and diligence should have discovered the resulting injury. See: *Skidmore & Hall v. Rottman*, 5 Ohio St.3d 210, 450 N.E.2d 684 (1983) and *Oliver v. Kaiser Community Health Foundation*, 5 Ohio St.3d 111, 449 N.E.2d 438 (1983). Thus in the present case, the Ohio statute of limitations on the claim against the defendant attorney began to run when the client learned in May of 1982 that his underlying personal injury claim was barred by the statute of limitations because of his lawyer's inaction.

Plaintiff filed suit against the defendant in the United States District Court for the Central District of California on March 22, 1983, over one month before the expiration of the Ohio statute of limitations. The record contains no explanation why this action was commenced in California. Obviously the claim arose in Ohio. There is no indication that the defendant was amenable to service of process in California. Indeed, it does not appear that plaintiff ever requested that process be issued from the California court.

Plaintiff moved for transfer of venue to this court under the provisions of 28 U.S.C.

Section 1406(a) on July 5, 1983. On July 6, 1983, the court sustained plaintiff's motion. The matter was docketed in this court on July 11, 1983. Still, no efforts were made to effect service of process on the defendant until March 30, 1984, when the clerk was requested to issue a summons for service on the defendant. Defendant acknowledges in his motion that he received service on April 3, 1984.

In support of his motion for summary judgment, defendant points out that under Ohio law an action is commenced by filing a complaint with the court if service is obtained within one year from such filing. Ohio R.Civ.P. 3(A). Defendant argues that since the suit was filed on March 22, 1983, but service was not obtained until over one year later on April 3, 1984, this action was never commenced under Ohio law and the claim is now barred by the Ohio statute of limitations.

Plaintiff argues that the question of commencement should be governed by California law which allows a plaintiff three years to obtain service of process. See: Cal. Civil Procedure Code, Section 583.210. Plaintiff argues in the alternative that if the Ohio rule applies, the one year should not begin to run until the case was docketed in this court. Plaintiff relies on the case of *Mayo Clinic v. Kaiser*, 383 F.2d 653 (8th Cir.1967). In *Kaiser*, the suit was originally filed in Illinois and service was promptly made on the Minnesota defendants who then had it quashed. Thereafter the case was transferred to Minnesota and the defendants asserted a statute of limitations defense. The suit had been filed before the running of the statute of limitations, but the limitation period had expired by the time the case was transferred to Minnesota. The court found that under Illinois law an action is commenced by the filing of a complaint if followed by reasonable diligence in obtaining service of process. The court found that the plaintiff had been diligent in regard to the original process, although it was later quashed. The court further found that after the case was transferred to Minnesota, plaintiffs were likewise diligent in effecting service of process. The court applied the Illinois "rea-sonable diligence" rule in order to preserve the cause of action which would otherwise have been barred under Minnesota law. The only rationale given for choosing the Illinois rule was the court's conclusion that preserving the cause of action would be more consistent with the purpose and intent of 28 U.S.C. Section 1406(a).

The major difference between *Mayo Clinic v. Kaiser* and the instant case is the fact that plaintiff's claim was not extinguished under Ohio law at the time of the transfer to this court, thus it is not necessary for this court to resort to California law in order to preserve the cause of action. When the case was docketed in this court, the claim was still viable under Ohio law and plaintiff had over eight months to perfect service of process under Ohio R.Civ.P. 3(A).

In *Ragan v. Merchants Transfer and Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), the Supreme Court held that in a diversity suit state law controls the manner in which an action is commenced. In *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980) the Supreme Court followed *Ragan, supra,* and distinguished *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), a case upon which plaintiff relies. *Walker* stands for the proposition that when an action is based upon state law and a state statute of limitation with service requirements applies, then the federal court must follow the state law. The court stated:

There is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants. The policies underlying diversity jurisdiction do not support such a distinction between state and federal plaintiffs ...

*Walker,* 446 U.S. at 753, 100 S.Ct. at 1986.

Here the attorney/client relationship arose in Ohio at a time when both the

attorney and the client were residents of Ohio. The defendant is an attorney licensed to practice by the State of Ohio. His services were performed in Ohio and the cause of action arose in Ohio. Ohio law relating to the statute of limitations in a legal malpractice case is reasonable. The limitation period does not begin to run until the client discovers the injury. The limitation period is one year, but an action is deemed commenced if service is obtained within one year of the filing. In this case Ohio has a legitimate interest in the enforcement of its statute of limitations. The court is unable to perceive any legitimate interest which would be advanced by applying California law to this case. If the court were to accept the plaintiff's argument, a plaintiff in his position would have four years to perfect service of process instead of one simply because he improperly filed suit in California instead of Ohio. If the plaintiff had a legitimate reason for bringing this suit in California or if the plaintiff had some reasonably arguable theory that he could obtain jurisdiction over the defendant in California and it was later determined that he was in error and if the case was then transferred to Ohio after the expiration of the one year period provided by Ohio R.Civ.P. 3(A) then he might have a basis for arguing that the philosophy behind 28 U.S.C. Section 1406(a) weighs in favor of applying California's procedural law instead of Ohio's. Those are not the facts of this case however.

Accordingly, the court finds that the defendant's motion should be granted. Summary judgment is hereby rendered in favor of the defendant and this action is hereby dismissed at plaintiff's costs. Judgment shall be entered in favor of the defendant.