**Ann M. BOYS, Plaintiff,**

v.

**ABBOTT LABORATORIES; E.R. Squibb & Sons; Eli Lilly & Company; Haack Laboratories, Inc.; Rexall Drug Company; The Upjohn Company, Defendants.**

**No. C87–671WD.**

United States District Court, W.D. Washington.

Feb. 16, 1988.

Constance Gould, Evans, Craven & Lackie, Seattle, Wash., for plaintiff Ann M. Boys.

Karen J. Vanderlaan, Helsell, Fetterman, Martin, Todd & Hokanson, Seattle, Wash., for defendant Eli Lilly & Co.

Ronald K. Mullin and Steven M. Cronin, Mullin, Etter & Cronin, Seattle, Wash., for defendant Upjohn Co.

David Swartling, Karr Tuttle, Seattle, Wash., for defendant Rexall Drug Co.

John W. Schedler, Lee, Smart, Cook, Martin & Patterson, Seattle, Wash., for defendant Haack Laboratories and Premo Pharmaceutical.

Kathy A. Cochran, Seattle, Wash., for defendant Abbott Laboratories.

Douglas A. Hofmann, Williams, Kastner & Gibbs, Seattle, Wash., for defendant E.R. Squibb & Sons and Boyle & Co.

ORDER ON MOTIONS

DWYER, District Judge.

The following-listed motions, and all briefs and other materials submitted in support of or opposition to them, have been reviewed and considered. In addition, oral argument was heard on January 14, 1988, on the motions numbered 1 and 2, below. Being fully advised, the court now finds and rules as follows:

1. *Defendant Lilly's Motion to Join Additional Defendants and to Adjudicate Jurisdiction and for Other Relief.* The plaintiff in this case, Ann Boys, has sued a number of companies that allegedly manufactured or distributed the drug diethylstilbestrol ("DES"). She seeks damages for injuries allegedly resulting from her mother's having taken DES while pregnant with plaintiff. Eli Lilly and Company ("Lilly"), one of the manufacturers, has moved under Fed.R.Civ.P. 19 for an order joining as defendants fifteen additional companies that allegedly manufactured or distributed DES. Since one of the proposed additional defendants, Kirkman Laboratories, Inc. ("Kirkman"), is a citizen of Washington, Lilly also asks whether dismissal for lack of diversity jurisdiction should follow under Rule 19(b). Plaintiff opposes the motion.

The plaintiff's suit is based on the rules of market-share alternate liability established for DES litigation by the Washington Supreme Court in *Martin v. Abbott Laboratories*, 102 Wash.2d 581, 689 P.2d 368 (1984), and elaborated in *George v. Parke–Davis*, 107 Wash.2d 584, 733 P.2d 507 (1987). In *Martin*, 689 P.2d at 382, the court said:

> We hold that plaintiff need commence suit against only one defendant and allege the following elements: that the plaintiff's mother took DES; that DES caused the plaintiff's subsequent injuries; that the defendant produced or marketed the type of DES taken by the plaintiff's mother; and that the defendant's conduct in producing or marketing the DES constituted a breach of a legally recognized duty to the plaintiff. At the trial, the plaintiff will have to prove each of these elements to the satisfaction of the trier of fact. We emphasize, however, that the plaintiff need not prove that a defendant produced or marketed the precise DES taken by the plaintiff's mother.

There is no joint and several liability and no right of contribution. Any defendant manufacturer can avoid liability altogether if certain facts are shown:

> Individual defendants are entitled to exculpate themselves from liability by establishing, by a preponderance of the evidence, that they did not produce or market the particular type DES taken by the plaintiff's mother; that they did not market the DES in the geographic market area of plaintiff mother's obtaining the drug; or that it [sic] did not distribute DES in the time period of plaintiff mother's ingestion of the drug.

*Id.*

The defendants that are unable to exculpate themselves are designated as members of the plaintiff's DES market:

> These defendants are initially presumed to have equal shares of the market and are liable for only the percentage of plaintiff's judgment that represents their presumptive share of the market. These defendants are entitled to rebut this presumption and thereby reduce their potential liability by establishing their respective market share of DES in the plaintiff's particular geographic market. Upon proof of a market share by a preponderance of the evidence, that particular defendant is only liable for its share of the market as it relates to the total judgment. To the extent that other defendants fail to establish their actual market share, their presumed market share is adjusted so that 100 percent of the market is accounted for.

*Id.* at 383.

The court in *Martin* went on to hold:

> The defendants may implead third party defendants in order to reduce their presumptive share of the market or in order to establish an actual reduced market share.

*Id.*

Again in *George*, the court referred to the defendants' right to "implead a third

party defendant" for market share calculation purposes. 733 P.2d at 514.

Lilly argues that the companies which it now seeks to bring in for purposes of market-share computation are indispensable parties under Rule 19. It says that Fed.R. Civ.P. 14 cannot be applied because it is limited to a defendant's right to bring in a third party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Here the new parties would be added not because Lilly claims they may be liable to it, but solely for the purpose of calculating market shares. Accordingly, says Lilly, the additional parties must be brought in under Rule 19 rather than Rule 14.

■ If a party is indispensable under Rule 19, and cannot be joined because of lack of diversity, jurisdiction based on diversity of citizenship is defeated. *See Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

In contrast, a defendant's impleading of a non-diverse third-party defendant does not defeat diversity jurisdiction. *See Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Field v. Volkswagenwerk AG,* 626 F.2d 293, 299 (3d Cir.1980).

The solution is found in the Washington rules of law that apply to this case. In *Martin* and *George,* the state court has established a new basis of recovery and a new set of rights, remedies, and defenses in DES cases. The state's highest court has made clear that a plaintiff may sue any one or more of the manufacturers, and that the defendants will have the right to *"implead third party defendants* in order to reduce their presumptive share of the market or in order to establish an actual reduced market share." *Martin, supra,* emphasis added. Thus, the plaintiff cannot be forced to sue a manufacturer she does not want to sue, and the defendant cannot be prevented from reducing its exposure notwithstanding the plaintiff's decision to sue less than all of the marketers.

Washington Superior Court Civil Rule 14 resembles Fed.R.Civ.P. 14 in that it applies only to the right to bring in a third-party "who is or may be liable to [the defendant] for all or part of the plaintiff's claim against him." The state's highest court, when it defined in *Martin* and *George* a DES defendant's right to bring in additional manufacturers as third-party defendants for the purpose of computing presumptive or actual market shares, unquestionably knew that the state's CR 14 would not apply—that is, it was not speaking of ordinary third-party practice. What the court did was to create, by decisional law, a right to bring in third parties for the limited purpose specified.

That decisional law should be applied here to permit Lilly to file and serve a third-party complaint against the additional companies it has named, seeking the relief authorized by the Washington court in *Martin* and *George* in regard to the computation of market shares.

■ Under the doctrine of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), federal courts sitting in diversity cases must apply state substantive law (decisional and statutory) and federal procedural law. *See, e.g., Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Guaranty Trust Co. of N.Y. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Where there is no federal rule that covers the issue in dispute, *Erie* requires the enforcement of a state-created right. *Hanna,* 380 U.S. at 470, 85 S.Ct. at 1143; *Ragan v. Merchants Transfer & Warehouse Co., Inc.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). That is the situation here. In *Martin* and *George,* the Washington Supreme Court has created the right of a defendant drug manufacturer in a DES case to implead other drug manufacturers as third party defendants solely for the purpose of computing presumptive or actual market shares. This right is not covered by the federal rules of civil procedure. The court, therefore, should and does rely on the state decisional law in deciding the present motion.

Lilly may file a pleading, naming as third party defendants the additional manufacturers and distributors listed in its motion, without filing an additional motion on the subject. This procedure will permit Lilly to attain the potential benefits it is entitled to realize through the bringing in of additional manufacturers under the *Martin* and *George* holdings. The motion to join the additional companies as defendants under Rule 19 is denied.

Plaintiff thereafter may move to amend her complaint so as to assert damages claims against any newly-added third party defendants. However, a damages claim by plaintiff against Kirkman, a non-diverse third-party defendant, would defeat diversity jurisdiction in this court. *Owen Equipment,* 437 U.S. at 374, 98 S.Ct. at 2402–03; *Field,* 626 F.2d at 298.

Plaintiff has suggested in a supplemental brief that if Kirkman is joined as a third party defendant she should be permitted to assert a damages claim against it, notwithstanding the lack of diversity, to avoid a situation in which the defendants would be able to reduce their presumptive market shares by bringing in a third-party defendant against whom plaintiff cannot assert a claim. She cites the rule of *George,* 689 P.2d at 514, that if a non-defendant manufacturer is "not amenable to suit" it should not be counted in determining presumptive market shares. Here, however, Kirkman would be amenable to suit (as would the other defendants) if plaintiff elected to sue in state court. The requirements for preserving diversity jurisdiction cannot be altered for the reason suggested by plaintiff.

2. *Plaintiff's Motion for Voluntary Dismissal of Defendant Rexall.* Plaintiff is entitled to drop Rexall from her claim and the motion is granted. Any defendant is free to move for leave to file a third-party complaint against Rexall for the limited purpose of market share calculation described above. Rexall argues that no defendant should do so since it would be entitled promptly to summary judgment. To rule on such a contention now would be premature. Of course, in deciding whether to assert any claim against Rexall the de-

fendants will bear in mind the requirements of Fed.R.Civ.P. 11.

3. *Defendant Squibb's Motion for Summary Judgment.* Genuine issues of material fact are present in regard to this motion, and it is therefore denied.

4. *Defendant Upjohn's Motion for Summary Judgment.* This motion is unopposed, and the record shows that Upjohn is entitled to dismissal as a matter of law. Accordingly, the motion is granted.