897 F.2d 529
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James MILITELLO, Plaintiff-Appellant,
v.
PEDDINGHAUS COMPANY and Peddinghaus Corporation, Defendants-Appellees.
 No. 89-1788.
 United States Court of Appeals, Sixth Circuit.
 March 5, 1990.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, James Militello (Militello), has appealed from the district court's order, dismissing his action as barred by the three-year state statute of limitations, M.C.L. Sec. 600.5805(9). Militello had initiated this products liability action against the defendants-appellees, Peddinghaus Company, a German Corporation, and Peddinghaus Corporation, a Delaware corporation, alleging injury, which occurred on March 6, 1985, from operating a machine press known as a "Perfekt Rapid" manufactured by Peddinghaus Company.
 
 
 2
 Militello filed the instant action four days prior to the expiration of the Michigan three-year statute of limitations on March 2, 1988. On December 19, 1988, Militello perfected service on Peddinghaus Company pursuant to the Hague Convention, which mandates the procedure for perfecting service of a complaint and summons on a foreign corporation.
 
 
 3
 On June 13, 1989, the district court dismissed Militello's action against Peddinghaus Corporation, concluding that Militello was barred by the doctrine of res judicata because all claims between the two parties had been resolved in the case styled Michigan Circuit Court for the County of Macomb, Liberty Mutual Insurance Co. v. Peddinghaus Corporation, Case No. 88 656 NP (August 5, 1988). The district court dismissed Militello's action against Peddinghaus Company citing to Blaha v. A.H. Robins & Co., 708 F.2d 238 (6th Cir.1983), because it concluded that Militello had failed to perfect service of process upon that foreign corporation within 182 days after filing the complaint as mandated by Michigan Court Rule 2.102.
 
 
 4
 On appeal, Militello has argued that the district court improperly relied on Blaha in dismissing his cause of action against Peddinghaus Company.[1]
 
 
 5
 In Blaha, which is indistinguishable from the case at bar, the court determined that Rule 2.102 was an integral part of the Michigan state statute of limitations. See Walker v. Armco Steel Co., 446 U.S. 740 (1980). Accordingly, Militello was required to file the instant action within three years of the alleged injury and thereafter perfect service of the complaint upon the defendants within 182 days after filing pursuant to Rule 2.102. In the instant case, Militello failed to properly serve the complaint to Peddinghaus Company before September 1, 1988, when the 182 day period provided by Michigan Court Rule 2.102 expired.
 
 
 6
 Upon review of Militello's assignments of error, the record in its entirety, the briefs of the parties and the oral arguments of counsel, this court concludes that the district court properly dismissed Militello's complaint as barred by the statute of limitations for the reasons stated in the district court's opinion of June 13, 1989. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Militello has not raised any issue on appeal as to the district court's dismissal of his complaint relating to Peddinghaus Corporation