**Daniel FREUND, as personal representative of the Estate of Timothy Alan Walsh, and Katherine Freund, as mother and next friend of Alison and Ryan Walsh, Plaintiffs,**

v.

**FLEETWOOD ENTERPRISES, INC., Southwind Motor Homes, Inc., Stolle Corporation, Manchester Tank & Equipment Co., CCI Controls, and U–Haul International, Inc., Defendants.**

**Civ. No. 89–0230–P.**

United States District Court,
D. Maine.

Feb. 1, 1991.

Thomas J. Connolly, John McCurry, Portland, Me., for plaintiffs.

Ernest J. Babcock, Martha C. Gaythwaite, Portland, Me., for CCI Controls.

Lawrence C. Winger, Herbert H. Bennett and Assoc., Portland, Me., for Manchester Tank & Equipment.

James G. Goggin, Adam Klausner, Verrill & Dana, Portland, Me., for Stolle Corp.

Thomas J. Quinn, Portland, Me., for Fleetwood.

---

Theodore H. Kirchner, Christopher C. Tainter, Robert Hanson, Portland, Me., for U–Haul.

GENE CARTER, Chief Judge.

## MEMORANDUM OF DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT OF DEFENDANT FLEETWOOD ENTERPRISES, INC.

This is a diversity action for wrongful death arising out of an explosion and resulting fire that occurred in Plaintiffs' decedent's recreational vehicle on September 21, 1987, allegedly resulting in the death of Timothy Walsh.

The parties have presented the Court with a highly unusual set of pleadings. Plaintiffs have filed three Complaints, each naming Fleetwood Enterprises, Inc. and Southwind Motor Homes, Inc. as defendants. *See* Complaint (Docket No. 1) (hereinafter First Complaint); Second Amended Complaint (Docket No. 39); Third Amended Complaint (Docket No. 51). Each Complaint alleges that Fleetwood Enterprises, Inc., a California corporation, is the parent corporation of Southwind Motor Homes, Inc., and "as such is legally responsbile [sic] for Southwind's actions." First Complaint at ¶ 4. The Complaints allege that Defendant Southwind Motor Homes, Inc. (hereinafter Southwind) has its principal place of business at Paxinos, Pennsylvania.

This cause of action is based on the following allegations, each of which is contained in all three Complaints. Southwind designs and manufactures mobile homes and recreational vehicles. *Id.* at ¶ 5. Decedent Walsh allegedly purchased a 1986 Model B24 mobile home "manufactured by Defendant Southwind." *Id.* at ¶ 17. Various other Defendants allegedly manufactured component parts "for use in Southwind homes," *id.* at ¶¶ 18–21, which Defendant Southwind allegedly installed in the mobile home purchased by Walsh. *Id.* at ¶ 22. Based on these allegations, the three Complaints posit several theories of liability, including negligence, negligent fabrica-

tion or design, breaches of express and implied warranties, failure to warn, and strict products liability for the sale of products unreasonably dangerous for their intended use.

Defendants have had some greater degree of difficulty maintaining consistency in their pleadings. Defendants' original Answer was filed on behalf of "Defendants Fleetwood Enterprises, Inc. and *Fleetwood Motor Homes of Pennsylvania, Inc.*" Answer and Affirmative Defenses at 1 (Docket No. 2) (emphasis added) (hereinafter First Answer). The First Answer admitted that Fleetwood Enterprises, Inc. is a Delaware corporation with a principal place of business in Riverside, California, and that Fleetwood Motor Homes of Pennsylvania, Inc. is a wholly owned subsidiary of Fleetwood Enterprises, Inc. *Id.* at ¶ 4. The First Answer also admitted that Fleetwood Motor Homes of Pennsylvania, Inc. has its principal place of business in Paxinos, Pennsylvania, and is a manufacturer and seller of motor homes, including the motor home specified in the First Complaint. *Id.* at ¶ 5.

The First Answer never acknowledged the existence or status of Defendant Southwind and its purported relationship to Fleetwood Enterprises, Inc. Yet, the First Answer expressly denied the allegations in paragraph 4 of the First Complaint that Fleetwood Enterprises, Inc. is legally responsible for the actions of Southwind. *Id.* at ¶ 4. The First Answer also denied that Defendant Southwind installed in the motor home purchased by Timothy Walsh the component parts allegedly manufactured by other Defendants.

In answer to the Third Amended Complaint,[1] there has been filed an "Answer of Defendants Fleetwood Enterprises, Inc. and *Southwind Motor Homes, Inc.* to Plaintiffs' Third Amended Complaint," (Docket No. 68) (emphasis added), which was signed by counsel as "Attorney for Defendants Fleetwood Enterprises, Inc.

---

**1.** The Defendants filed no responsive pleading to Plaintiffs' Second Amended Complaint.

and *Southwind Motor Homes, Inc.*" [2] *Id.* (emphasis added). This Answer *admitted* that Defendant Fleetwood Enterprises, Inc., as the parent corporation of Defendant Southwind, is "legally responsible for Southwind's actions." Second Answer at ¶ 5. Yet, the Answer pleaded no specific response to the allegations regarding the existence, status, and relationship of Southwind to Fleetwood Enterprises, Inc., instead asserting without explanation that those allegations "do not pertain to these defendants." *Id.* at ¶ 6. In addition, the Second Answer denied the allegation that Defendant Southwind installed the component parts allegedly made by other Defendants in the mobile home sold to Walsh.

On December 28, 1990, a document entitled "Motion for Summary Judgment of Defendants Fleetwood Enterprises, Inc. and *Fleetwood Motor Homes of Pennsylvania, Inc.*" was filed, (Docket No. 96) (emphasis added), along with a Statement of Material Facts Not In Dispute, *see* (Docket No. 97), and a Memorandum of Law on behalf of those same named parties. *See* (Docket No. 44M). Given the above described confusion created by Defendants' pleadings, the Court is required to conclude that the pending Motion for Summary Judgment is one on behalf of Fleetwood Enterprises, Inc. alone.[3]

■ A motion for summary judgment must be granted if:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). The Court of Appeals for the First Circuit has articulated the legal standard to be applied in deciding motions for summary judgment:

> [T]he movant must adumbrate 'an absence of evidence to support the nonmoving party's case.' *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). When that is accomplished, the burden shifts to the opponent to establish the existence of a fact issue which is both 'material,' in that it might affect the outcome of the litigation, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976), and 'genuine,' in that a reasonable jury could, on the basis of the proffered proof, return a verdict for the opponent. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Oliver v. Digital Equipment Corp.*, 846 F.2d 103, 105 (1st Cir.1988). It is settled that the nonmovant may not rest upon mere allegations, but must adduce specific, provable facts demonstrating that there is a triable issue. 'The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial.' *Mack v. Great*

---

**2.** The Court's docket entries and file do not suggest that any answer to the Third Complaint has been filed by the corporate entity identified in the First Answer as Fleetwood Motor Homes of Pennsylvania, Inc. Similarly, the docket does not indicate that Southwind Motor Homes, Inc. ever filed an answer to the First Complaint.

**3.** The Court must so conclude because of the unusual posture of these parties on these pleadings. The pleading history referred to in text demonstrates that the Court now has before it a motion for summary judgment on behalf of Defendant Fleetwood Enterprises, Inc., which has answered the Third Complaint. The motion was also filed on behalf of Fleetwood Motor Homes of Pennsylvania, Inc.; however, that purported entity answered the First Complaint but did not answer the Third Complaint. The Court does not have before it any motion for summary judgment on behalf of Defendant Southwind, for whose conduct Fleetwood Enterprises, Inc. has admitted its responsibility. Fleetwood Enterprises, Inc. suggests in its Memorandum of Law on the pending motion that Southwind Motor Homes, Inc. is a "non-existent entity" on whom service was apparently attempted. Memorandum of Law at 3 (Docket No. 44M). In sum, the only moving party properly before the Court on this motion is Defendant Fleetwood Enterprises, Inc.

The Court will explain *infra* that there is some doubt as to whether Fleetwood Motor Homes of Pennsylvania, Inc. has ever been served with process in this matter.

*Atlantic and Pacific Tea Co.,* 871 F.2d 179, 181 (1st Cir.1989). As the Supreme Court has said:

> [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson,* 477 U.S. at 249–59, 106 S.Ct. at 2510–11.

*Brennan v. Hendrigan,* 888 F.2d 189, 191–92 (1st Cir.1989).

Plaintiffs have made no filings of evidentiary quality in response to Defendants' Statement of Material Facts Not In Dispute and have filed no statement of facts which Plaintiffs believe to be in dispute. Accordingly, the Court will take as true all assertions of fact made by the moving party which are established in accordance with the requirements of Federal Rule of Civil Procedure 56. *See McDermott v. Lehman,* 594 F.Supp. 1315, 1321 (D.Me.1984); Local Rule 19(b)(2).

Defendants' only submission in support of this motion is the Statement of Material Facts Not In Dispute,[4] which includes the undisputed fact that this action was initiated on September 20, 1989 by the filing of a Complaint and that the Complaint named Fleetwood Enterprises, Inc. and Southwind Motor Homes, Inc. as Defendants. A summons and a copy of that Complaint were served upon an agent for Fleetwood Enterprises, Inc. on December 21, 1989, and return of service was made to the Court on January 10, 1990. A summons and a copy of the Complaint were also served upon an agent for Southwind Motor Homes, Inc. in Pennsylvania on December 15, 1989, and return of service was made to the Court on January 17, 1990. The return of service against Defendant Fleetwood Enterprises was made 112 days after the filing of Plaintiffs' Complaint, and the return of service

with respect to "Defendant Fleetwood Motor Homes of Pennsylvania, Inc. 'Southwind Motor Homes, Inc.'" was made 119 days after the filing. Statement of Material Facts Not In Dispute at ¶¶ 2–5.

■ The Court will now put aside the vagaries and confusion of the parties' pleadings and resolve the substantive issue it believes the moving party has attempted to generate on the question of Fleetwood Enterprises, Inc.'s liability.[5] Defendants argue that *Ragan v. Merchants Transfer and Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), and *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), require that the substantive law of the State of Maine controls when the statute of limitations runs with respect to Plaintiffs' claims. There is no room to doubt the viability of this concept. *See* 4 C. Wright and A. Miller, *Federal Practice and Procedure Civil Second* § 1057. A federal court in a diversity case must give full recognition to the substantive local law which determines the life of a cause of action. *Ragan,* 337 U.S. at 533, 69 S.Ct. at 1234 (citing *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).

Maine's Wrongful Death Act establishes that this action would satisfy the statute of limitations "provided that the action shall be commenced within 2 years after the decedent's death." 18–A M.R.S.A. § 2–804(b). The Wrongful Death Act does not define the point at which an action is "commenced." Defendants assert that Maine Rule of Civil Procedure 3 is "an integral part" of the substantive statute of limitations law in the State of Maine, and therefore urge the Court to imply that Rule 3's following definition of "commenced" is incorporated into the Wrongful Death Act. Rule 3 reads in full:

> Except as otherwise provided in these rules, a civil action is commenced (1) by

---

4. The Court assumes, without deciding, that the filing of a statement of material facts which cites only to pleadings is sufficient to establish the requisite factual predicate for a summary judgment motion in the absence of a rebuttal by the nonmoving party.

5. The Court need not and does not attempt to extricate the parties from the morass they have created regarding the existence or status in this litigation of Fleetwood Motor Homes of Pennsylvania, Inc. and Southwind Motor Homes, Inc.

the service of a summons and complaint, or (2) by filing a complaint with the court. When method (1) is used, the complaint must be filed with the court within 20 days after completion of service. *When method (2) is used, the return of service shall be filed with the court within 90 days after the filing of the complaint.* If the complaint or the return of service is not timely filed, the action may be dismissed on motion and notice, and in such cases the court may, in its discretion, if it shall be of the opinion that the action was vexatiously commenced, tax a reasonable attorney's fee as costs in favor of the defendant, to be recovered of the plaintiff or the plaintiff's attorney.

M.R.Civ.P. 3 (emphasis added).

There is no dispute that the returns of service upon these Defendants were not filed with the Court within ninety days after the filing of the Complaint. Defendants argue, on that basis, that this action must be dismissed as untimely under the express terms of Rule 3. The difficulty with Defendants' position is that Rule 3 is not an integral part of the statute of limitations law of the State of Maine. Indeed, it is no part of Maine's statute of limitations law. Rule 3 specifies how an action may be commenced for pleading purposes. The provision requiring the filing of returns of service with the court is intended to avoid *post-commencement* delays which are prejudicial to defendants after the filing of a complaint. *See* Advisory Committee Notes to 1989 Amendments of Maine Rules of Civil Procedure, Me. Rptr., 551 A.2d XXXIV–XXXV. Rule 3 is in no respect intended to dictate *the time within which an action must be commenced.*

The Maine legislature has provided a general rule for determining the point at which an action is commenced as part of Maine's general tort statute of limitations: "an action is commenced when the summons and complaint are served or *when the complaint is filed with the court,* whichever first occurs." 14 M.R.S.A. § 553 (emphasis added). In the absence of any express requirement to the contrary, this Court is fully satisfied that the Maine Law Court, if presented with the issue, would determine that section 553 defines the word "commenced" as used in the Wrongful Death Act.[6] Accordingly, this action was commenced *for statute of limitations purposes* when the First Complaint was filed with the Court on September 20, 1989. Since that filing satisfies the "two years after decedent's death" statute of limitations in the Wrongful Death Act, the requirement in *Ragan* and *Walker* that Maine's substantive law be applied to determine whether an action was timely commenced yields the ineluctable conclusion that such timely commencement did occur in this case.

Defendants have established that there is no genuine issue of material fact as to the precise legal point generated by this motion; however, Defendants have failed to establish that they are entitled to judgment against Plaintiffs as a matter of law. Indeed, the opposite of the conclusion which Defendants intended is the conclusion which is dictated by the law. Accordingly, Defendants' motion for summary judgment is hereby DENIED.

So ORDERED.

---

6. The Maine Rules of Civil Procedure, as prescribed by the Maine Supreme Judicial Court, may neither "abridge, enlarge nor modify the substantive rights of litigants." 4 M.R.S.A. § 8. Accordingly, Rule 3 cannot be properly read to change a period of limitations as it has been enacted and defined by the Maine legislature. *See Bellegarde Custom Kitchen v. Leavitt,* 295 A.2d 909, 911 (Me.1972).