## DEPARTMENT OF HUMAN SERVICES

### v.

### Gerard LEVESQUE.

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 12, 1995.

Decided Jan. 11, 1996.

---

Andrew Ketterer, Attorney General, James A. McKenna, Assistant Attorney General, Augusta, for Plaintiff.

Neil S. Shankman, Shankman & Associates, Lewiston, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Gerard Levesque appeals from the judgment entered in the Superior Court (Andros-coggin County, *Alexander, J.*) vacating the judgment of the District Court (Lewiston, *Gorman, J.*) dismissing the complaint of the Department of Human Services (DHS) against Levesque on the ground that it was barred by the period of limitation provided in 19 M.R.S.A. § 273 (Supp.1995).[1] Because we agree with the Superior Court that the trial court erred by determining that the DHS complaint was not filed timely, we affirm the judgment.

The record reflects the following undisputed facts: In August 1987, a copy of the DHS complaint against Levesque to determine paternity of Archie T. Miller, born January 3, 1975, and to establish child support for him, together with a copy of the summons was served on Levesque's mother. The complaint and summons, reflecting such service, were filed with the District Court on September 1, 1987. On December 19, 1987, the court (*MacNichol, J.*) granted the DHS motion for a default judgment against Levesque, determining, *inter alia,* that he was the natural father of Archie and ordering him to pay $26.40 a week towards the support of the child. In January 1994, Levesque filed a motion, pursuant to M.R.Civ.P. 60(b), seeking relief from the default judgment. After a hearing on the motion on April 15, 1994, the court announced its ruling in favor of Levesque, based on its finding that Levesque had not been properly served with process, and thereafter on May 9, 1994, entered its judgment vacating the default judgment against Levesque.

Pursuant to an agreement of the parties the DHS effected service of process by mailing a copy of the complaint and summons to Levesque's attorney on April 21, 1994. On May 4, 1994, Levesque filed a motion to dismiss the DHS complaint on the ground that, pursuant to M.R.Civ.P. 3, the action had not been commenced prior to the eighteenth birthday of Archie Miller as required by 19 M.R.S.A. § 273. On May 23, 1994, the court dismissed the action, stating: "State has

---

1. 19 M.R.S.A. § 273 (Supp.1995) provides:
    The father's liabilities for past education and necessary support are limited to a period of 6 years next preceding the commencement of an action.

    All complainants may commence an action at any time prior to the child's 18th birthday.

missed the deadline for filing as imposed by 19 M.R.S.A. § 273. Child turned 18 on 1–3–93." After a hearing on the appeal of the DHS, the Superior Court determined the filing of the DHS complaint "can relate back to 1987."[2] Accordingly, the court vacated the judgment of the District Court, and Levesque appeals. "When, as here, the Superior Court acts as an intermediate appellate tribunal, we directly review the judgment of the District Court to determine whether it contains any error of law that would affect its validity." *Chamberlain v. Porter*, 562 A.2d 675, 676 (Me.1989).

■ Levesque first contends the District Court properly dismissed the complaint of the DHS because it was not commenced prior to Archie T. Miller's eighteenth birthday as required by 19 M.R.S.A. § 273. He points to 19 M.R.S.A. § 286 (Supp.1995), that provides in pertinent part: "The rules of civil procedure apply to this subchapter in all cases of birth out of wedlock when the birth occurs after October 7, 1967,"[3] to support his argument that M.R.Civ.P. 3 defines the time of the commencement of an action. We disagree.

Maine Rule of Civil Procedure 3 provides, in pertinent part:

> Except as otherwise provided in these rules, a civil action is commenced (1) by the service of a summons and complaint, or (2) by filing a complaint with the court. When method (1) is used, the complaint must be filed with the court within 20 days after completion of service. When method (2) is used, the return of service shall be filed with the court within 90 days after the filing of the complaint. If the complaint or the return of service is not timely filed, the action may be dismissed on motion and notice. . . .

14 M.R.S.A. § 553 (1980) provides: "An action is commenced when the summons and complaint are served or when the complaint is filed with the court, whichever occurs first."

■ In concluding that Rule 3 does not govern *when* an action is commenced, we agree with the analysis of the court in *Freund v. Fleetwood Enterprises, Inc.*, 755 F.Supp. 1094 (D.Me.1991). In *Freund*, the defendant sought a dismissal of the plaintiff's complaint on the ground that by the failure to file a return of service within 90 days after filing the complaint the plaintiff had failed to commence his action within the period of the applicable statute of limitations. In determining that Rule 3 does not control *when* an action is commenced for statute of limitation purposes, the court stated:

> Rule 3 is not an integral part of the statute of limitations law of the State of Maine. Indeed, it is no part of Maine's statute of limitations law. Rule 3 specifies how an action may be commenced for pleading purposes. The provision requiring the filing of returns of service with the court is intended to avoid *post-commencement* delays which are prejudicial to defendants after the filing of a complaint. *See* Advisory Committee Notes to 1989 Amendments of Maine Rules of Civil Procedure, Me.Rptr. 551 A.2d XXXIV–XXXV. Rule 3 is in no respect intended to dictate *the time within which an action must be commenced.*

*Id.* at 1098. *See also* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 3.2 (2d ed. 1970 & Supp.1981) (Rule 3 does not state the time when the action is commenced. 14 M.R.S.A. § 553 governs when an action is commenced for all purposes.). Levesque's contention as to the impact of 19 M.R.S.A. § 286 on the issue before us is misplaced. Although the language of section 286 provides for the applicability of the civil rules of procedure, it does not expand the purview of Rule 3 beyond its specification of *how* an action may be commenced for pleading purposes.

---

**2.** In the Superior Court, the DHS did not challenge the order granting Levesque relief from the default judgment.

**3.** By P.L.1993, ch. 690, § B–1, the Legislature repealed 19 M.R.S.A. § 286, that provided: "The rules of civil procedure as far as applicable shall apply to this subchapter to all cases of birth out of wedlock as defined in this subchapter where birth occurs after October 7, 1967," and enacted the present language of section 286(1).

■ We find no merit in Levesque's further contention, raised for the first time on this appeal, that the failure of DHS to file a return of service within 90 days pursuant to Rule 3 mandates a dismissal of the present action. It is uncontroverted on the record before us that the service of process was effected in the manner agreed to by the parties. If any return of service is required in such circumstances, the language of Rule 3 provides it is within the discretion of the trial court whether, on the filing of a proper motion and notice, the pending action should be dismissed. Here, the entire focus of Levesque's motion to dismiss before the District Court was whether, for the purposes of the statute of limitations as articulated in 19 M.R.S.A. § 273, Rule 3 or 14 M.R.S.A. § 553 determined *when* the present action was commenced.

The entry is:

Judgment affirmed.

All concurring.